## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CT-00064-SCT

*JOSEPH Q. WHITE, JR., AS THE ADMINISTRATOR OF THE ESTATE OF ROGER W. ROBINSON*

*v.*

*FRANKLIN MILLS*

## ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/12/96 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BRIAN A. MONTAGUE |
| | CLYDE H. GUNN, III |
| ATTORNEYS FOR APPELLEE: | H. BENJAMIN MULLEN |
| | DEMPSEY M. LEVI |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | VACATED AND REMANDED- 4/22/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/13/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. We granted Franklin Mills's petition for a writ of certiorari to review the reversal by the Court of Appeals of the trial court's grant of a Miss. R. Civ. P. 54(b) summary judgment to Mills on the issue of liability for a car wreck in which Roger W. Robinson ran a stop sign and pulled directly out in front Mills. Mills claimed that the Court of Appeals' reversal of summary judgment for him on the liability issue is contrary to a prior decision of this Court,[1] specifically ***Donald v. Triple S Well Service, Inc.***, 708 So. 2d 1318 (Miss. 1998). Mills asked this Court to reverse the Court of Appeals, to render a judgment for him against the Estate on the liability issue, and to remand for a jury determination of damages.

¶2. We agree that the Court of Appeals erred, but not for the reason raised by Mills. We find that the Court of Appeals erred in hearing the Estate's appeal from the summary judgment for Mills on the issue of liability. The trial court incorrectly certified the summary judgment for Mills as a Rule 54(b) judgment. The trial court's summary judgment left for a jury determination the issue of damages which makes the Rule 54(b) certification improper. The appeal was improvidently granted, and the Court of Appeals should have dismissed the appeal. We vacate the Court of Appeals' judgment and dismiss the appeal as improvidently granted which effectively reinstates the trial court's summary judgment for Mills on the issue of liability.[2]

We remand the case to the trial court for further proceedings.

## STATEMENT OF THE CASE

¶3. The wreck which gave rise to Mills's suit for personal injuries occurred on October 21, 1993, around 4:30 p.m., as Roger W. Robinson was coming down the I-10 exit ramp which intersects with Mississippi Highway 63. Access to Highway 63 is controlled by a stop sign. Robinson did not stop at the stop sign and pulled onto Highway 63 directly in front of Mills's car. Robinson died, and Mills was injured.

¶4. Mills sued Joseph Q. White, as the administrator of the Estate of Roger W. Robinson, for personal injuries Mills sustained in the automobile accident. The Estate filed a counterclaim alleging that Mills's negligence was the sole proximate cause or a contributing cause of the wreck.

¶5. Mills filed a motion for summary judgment claiming that Robinson's failure to stop at a stop sign was the sole proximate cause of the wreck. Mills asserted that there was no genuine issue of material fact as to his lack of liability for the wreck. Mills asked the court to dismiss the Estate's counterclaim against him. Mills filed another motion for summary judgment asserting that there was no genuine material fact issue as to Robinson's liability for the accident. Mills sought summary judgment on the liability aspect of his complaint against the Estate.

¶6. In support of his motions for summary judgment, Mills submitted his affidavit and the affidavit of a disinterested witness who was traveling behind Mills on Highway 63 immediately prior to the wreck. Both Mills and the disinterested witness testified that Mills was traveling the speed limit or less and that Robinson pulled out directly in front of Mills. Mills's affidavit additionally stated that there was no way for Mills to avoid hitting Robinson's vehicle.

¶7. To rebut the motions for summary judgment, the Estate contended that Mills's consumption of alcohol within an hour of the wreck and his inability to state when he first saw the vehicle operated by Robinson created issues of material fact. In his deposition, Mills admitted that he consumed two drinks out of a pint bottle of bourbon within one hour of the wreck but denied that he was intoxicated.[3] Mills was not cited for DUI in connection with the accident. The records of the hospital where Mills was examined after the wreck showed Mills's blood level alcohol percentage was .04 which is below the legal intoxication level.

¶8. The trial court awarded a Miss. R. Civ. P. 54(b) summary judgment to Mills against the Estate on the liability issue, leaving for a jury determination only the issue of damages. In the same order, the trial court dismissed with prejudice the counterclaim filed by the Estate against Mills.

¶9. The Estate appealed claiming that (1) the trial court failed to follow prior case law by not taking judicial notice that Mills's consumption of alcohol, however small, shortly before the accident is enough to impair reaction time, (2) Mills's impaired reaction time and his failure to kept a proper look out created genuine issues of material fact as to Mills's contributory negligence, (3) summary judgment violated the requirements of Miss. Code Ann. § 11-7-17 (1972) that all questions of negligence and contributory negligence be submitted to a jury, and (4) comparative negligence barred summary judgment for Mills.

¶10. The Court of Appeals reversed, finding that whether Mills was under the influence of liquor to any degree and, if so, whether this caused or contributed to the accident are genuine issues of material fact and, therefore, the trial court erred in granting summary judgment. The Court of Appeals remanded for further proceedings as if the motion for summary judgment had been denied.[4]

## DISCUSSION OF THE LAW

¶11. The trial court improperly certified as a Rule 54(b) judgment, its order granting summary judgment to Mills on the issue of liability and dismissing with prejudice the Estate's counterclaim against Mills. Despite its designation as a Rule 54(b) judgment, the trial court's order was not an appealable order because it reserved for trial the issue of damages to be awarded to Mills. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

¶12. In *Liberty Mutual Ins. Co. v. Wetzel*, *supra*, a class action sexual discrimination suit was brought against an employer. The suit sought injunctive relief, damages, costs and attorney fees. The district court entered partial summary judgment for the class on the liability issue. On a motion for reconsideration, the district court certified the partial summary judgment as a Rule 54(b) judgment. The court of appeals affirmed. The United States Supreme Court raised a jurisdiction issue, questioning whether the partial summary judgment was a true Rule 54(b) judgment. The Supreme Court viewed the district court's ruling as, at most, a declaratory judgment which left unresolved any of the requests for relief. The Supreme Court found that the judgment was not appealable just because it contained the recital required by Rule 54(b). The Supreme Court vacated the court of appeals' judgment and remanded with instructions to dismiss the appeal.

¶13. This Court has not addressed whether Rule 54(b) of the Mississippi Rules of Civil Procedure authorizes an appeal from a summary judgment of liability where the issue of damages is left for a jury determination. We find the *Liberty Mutual* case enlightening. Additionally, the language of Rule 54(b) does not appear to authorize such an appeal.

¶14. By its express terms, Rule 54(b) does not apply to a single claim suit between two parties. It is limited to multiple-claims or multiple-party actions. As the Comment to Rule 54 states,

> Rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party.... The general requirements [of Rule 54(b)] are that the case include either multiple claims, multiple parties, or both, and that either one or more but fewer than all the claims have been decided, or that all the rights and liabilities of at least one party have been adjudicated.... A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b).

¶15. In the instant case, Mills raises a single claim against the Estate and seeks relief for injuries suffered in the wreck. The fact that the trial court certified the summary judgment on the liability issue as a Rule 54(b) judgment does not make the judgment appealable. The trial court's decision left a portion of the claim pending - *i.e.*, that portion dealing with the relief due Mills for injuries suffered as a result of the negligence of Robinson. We hold that a summary judgment of liability, leaving for a jury determination the issue of damages or the relief to be awarded, is not a true Rule 54(b) judgment.[5]

¶16. *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 512 So. 2d 897 (Miss. 1987), offers guidance on the action an appellate court should take where a litigant appeals from a judgment improperly certified as a Rule 54(b) judgment. In that case, Howard Weil sued Cox to collect an open account debt on stock transactions. Cox counterclaimed claiming that Howard Weil owed him money for failing to properly process orders placed by him, overcharged him for commissions, and wrongfully fired him. The trial court

granted a Rule 54(b) summary judgment to Howard Weil on the wrongful termination count. Cox appealed. This Court noticed "plain error in the improvident granting" of the appeal. Holding that an order dismissing one count of a counterclaim should not have been labeled a Rule 54(b) judgment by a trial court, this Court dismissed the appeal and remanded to the trial court.[(6)]

## CONCLUSION

¶17. Although Mills did not cross-appeal, did not ask this Court to dismiss the appeal, and did not assign the Rule 54(b) designation as error,[(7)] this Court recognizes the plain error of the Court of Appeals entertaining the Estate's appeal. We vacate the Court of Appeals' judgment and dismiss the Estate's appeal. We remand to the trial court for further proceedings.

¶18. **JUDGMENT OF THE COURT OF APPEALS IS VACATED AND REMANDED TO THE JACKSON COUNTY CIRCUIT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. COBB, J., NOT PARTICIPATING.**

1. Under the Mississippi Rules of Appellate Procedure, a decision of the Court of Appeals is reviewable by the Supreme Court on writ of certiorari if "the Court of Appeals has rendered a decision which is in conflict with a ... Supreme Court decision." M.R.A.P. 17. Rule 17 also provides for Supreme Court review of a Court of Appeals' decision if the appeal involves fundamental issues of broad public importance although this Court "may, in the absence of these factors, grant a writ of certiorari." M.R.A.P. 17.

2. We note for the record that the trial court's order from which this appeal was taken, made two pronouncements on the liability issue. It granted summary judgment to Mills on the liability aspect of his suit against the Estate, finding the Estate liable for the wreck, and it dismissed with prejudice the Estate's counterclaim against Mills, finding Mills not liable for the wreck. We make no comment on what would have been the outcome of an appeal if there had been an appeal of a separate order dismissing the counterclaim with prejudice since such a situation is not presently before this Court.

3. Mills had two drinks of an unknown quantity from a pint bottle of bourbon within one hour of the wreck. It could have been two sips or "swigs," but this Court will never know because the Estate did not seek a clarification of the quantity during Mills's deposition.

4. Our vacating the Court of Appeals' judgment due to the lack of jurisdiction to hear the appeal since the trial court's judgment was not a true Rule 54(b) judgment, should not be interpreted as an adoption by this Court of (1) the rationale used by the Court of Appeals to reverse the trial court or (2) any of the arguments made by the Estate in the appeal.

5. Although the summary judgment for Mills was not a Rule 54(b) judgment, this would not have prevented an interlocutory appeal in accordance with the Mississippi Rules of Appellate Procedure, if otherwise

appropriate under and permitted by the Rules.

6. We repeat the caution issued by the *Cox* court. When an appellant appeals from a judgment improperly certified as a Rule 54(b) judgment, the appellee should cross-appeal, claiming the judgment was improperly labeled a Rule 54(b) judgment, or should move to dismiss the appeal.

7. Mills filed in the trial court, a motion to dismiss the appeal claiming the judgment was not final. Mills did not reassert the issue in the appeal. Mills should have.