# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00447-SCT

*THE COLOM LAW FIRM, LLC AND MONIQUE*
*BROOKS MONTGOMERY*

*v.*

*BOARD OF TRUSTEES, COLUMBUS*
*MUNICIPAL SCHOOL DISTRICT IN THEIR*
*OFFICIAL CAPACITY AND DUNN &*
*HEMPHILL, P.A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2008 |
| TRIAL JUDGE: | HON. JON M. BARNWELL |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | GARY STREET GOODWIN |
| ATTORNEYS FOR APPELLEES: | JEFFREY J. TURNAGE |
| | CHRISTOPHER D. HEMPHILL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 06/04/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., DICKINSON AND KITCHENS, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The Colom Law Firm, LLC ("Colom") and two of its associates, Brian Hinton[1] and

Monique Brooks Montgomery, filed suit against the Board of Trustees of the Columbus

Municipal School District (the "School District") requesting the following relief: (1) an order

declaring as void a resolution of the School District's Board of Trustees to extend the

---

[1] Brian Hinton is named as a party to proceedings within the trial transcript, but not in the appellate briefs.

contract of their legal counsel, Dunn & Hemphill, P.A.[2] ("Dunn & Hemphill"), (2) an injunction requiring the School District's Board of Trustees to comply with the Open Meetings Act, Mississippi Code Section 25-41-13, and (3) attorney's fees. The chancery court found that Dunn & Hemphill was a necessary party to the suit, and the complaint was amended.

¶2. The complaint alleges that Colom and Montgomery expressed a desire to provide legal services to the School District. In July 2004, Tommy Prude, president of the Board of Trustees, informed Colom and Montgomery that the School District's contract with Dunn & Hemphill would be eligible for renewal in March 2005.

¶3. The School District held its regular meetings on the second Monday of each month. A regular board meeting was held on July 12, 2004, and the minutes reveal that no special board meetings were scheduled or declared. However, special board meetings were held on July 16, July 23, and August 2, 2004. During the August 2 meeting, the School District accepted a letter proposal from Dunn & Hemphill to provide legal services from August 2, 2004, until July 30, 2005.

¶4. Colom and Montgomery asserted that (1) the School District and Dunn & Hemphill adopted a "connivance" during the special meeting in question, (2) that the special meeting was not held pursuant to Mississippi Code Section 37-6-11 (the Mississippi Uniform School Law), and (3) that the special meeting was deficient with regard to the notice requirements of the Open Meetings Act. Colom and Montgomery further asserted that these deficiencies rendered the meeting a nullity.

---

[2]Formerly Dunn, Webb, & Hemphill, P.A.

¶5.    The School District moved for partial judgment on the pleadings or for partial summary judgment. The trial court granted the School District's motion and dismissed the part of the Complaint that sought to have the meetings declared a nullity. Relying on *Shipman v. North Panola Consolidated School District*, 641 So. 2d 1106 (Miss. 1994), which held that noncompliance with the Open Meetings Act did not void the actions of a school board, the trial court stated, "After the Supreme Court issues an opinion on a subject, lower courts must follow it. If [principles] announced by the Supreme Court are to be changed, it is up to the Supreme Court or the Legislature to do so."

¶6.    The trial court found no just reason for delay, and directed the clerk to enter final judgment on the docket in favor of the defendants as to plaintiffs' requested relief (having the meeting declared a nullity or void). Colom and Montgomery filed a timely appeal of this judgment.[3]

### DISCUSSION

¶7.    Colom and Montgomery assert two issues on appeal:

(1)    Did the lower court err in sustaining appellants' motion for judgment on the pleadings or in the alternative, summary judgment, on the grounds that the remedial portions of the Open Meetings Act and the case law interpreting same does not authorize the court to declare the actions of a noncomplying board or commission void?

(2)    Did the lower court err in certifying the judgment as final pursuant to Mississippi Rules of Civil Procedure 54(b) as it did not adjudicate the

---

[3]The School District and Dunn & Hemphill point to an order of this Court of September 23, 2008, denying Colom and Montgomery's motion to vacate the appeal and denying the School District's countermotion to dismiss the appeal with prejudice. Today, we reverse the decision of the motions panel in regard to Colom and Montgomery's motion to vacate the appeal.

claim, but rather the scope of the relief that could be accorded, and should this Court vacate the appeal and remand this issue for trial?

¶8. Because the issue of whether partial summary judgment was properly certified as final is determinative in this issue, we decline to discuss the first issue.

### *Rule 54(b) Certification*

¶9. Colom and Montgomery argue that certifying the judgment as final was improvident because it adjudicated only the scope of the relief that could be granted, not the claim itself. They argue that even though the factual issues of their claim are still before the trial court, they have been forced to appeal to this Court because of the final judgment entered by the trial court.

¶10. Mississippi Rules of Civil Procedure 54(b) states:

> **Judgment Upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

¶11. The trial court recognized that the plaintiffs had requested multiple types of relief in this matter. The plaintiff contends that the trial court decided a single issue of law, that is, whether nullification of a meeting was an available remedy, and entered a final judgment thereon, rather than holding the matter for trial and full adjudication on the merits. The trial

4

court determined there was no just reason for delay and directed the clerk to enter the final judgment on the docket. This judgment effectively bifurcated the case between the appellate courts and the trial courts, because the factual disputes and the remaining relief requested are still before the trial court.[4]

¶12. This Court, in *White v. Mills*, 735 So. 2d 428, 429 (Miss. 1999), held that a trial court's order was not appealable because it adjudicated only the issue of liability and reserved the issue of damages for the trial court. The plaintiff in *White* raised a single claim against the defendant and sought relief for his injuries. *Id.* at 431. Summary judgment was granted on the issue of liability in favor of the plaintiff. Although the trial court certified this judgment as final, the issue of damages had yet to be determined. On writ of certiorari, this Court held that the trial court's decision left a portion of the claim pending because a determination on the issue of damages had not been made. *Id.* Therefore, the judgment was not a true Rule 54(b) judgment and the appeal was dismissed, and the case was remanded to the trial court for further proceedings. *Id*.

¶13. In the present case, the trial court ruled only as to the scope of damages. The liability claim before the court is still pending. The factual issues before the court have yet to be determined, and therefore, the judgment was not a proper Rule 54(b) judgment. The comment to Rule 54 states:

> Rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party. . . . The general

---

[4] We take this opportunity to point out that fractured, bifurcated, or piecemeal appeals are not preferred by this Court.

5

requirements [of Rule 54(b)] are that the case include either multiple claims, multiple parties, or both, and that either one or more but fewer than all the claims have been decided, or that all the rights and liabilities of at least one party have been adjudicated . . . . *A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b).*

(Emphasis added).

¶14.    In the present case, portions of the claim – the factual allegations and the remaining prayers for relief – are still pending as to all the defendants. Therefore, the trial court's ruling as to whether the meeting could be declared void does not properly fall within the purview of Rule 54(b). Because this Court does not have appellate jurisdiction, the appeal must be dismissed.

## CONCLUSION

¶15.    Because the judgment of the trial court was not proper for Rule 54(b) certification, the appeal must be dismissed due to lack of appellate jurisdiction.

¶16.    **APPEAL DISMISSED**.

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**

6