MAXWELL, JUSTICE,
CONCURRING IN PART AND IN RESULT:
¶ 58. I agree that the trial court’s final judgment should be affirmed. The Rolisons forfeited the right to a jury through their conduct.' And the Fryars’ award for damages and attorney fees was supported by the evidence.
¶ 59. But I question the Rule 54(b) certification and the majority’s reliance on the finality of that judgment. To me, the December 2011 judgment declaring the settlement agreement enforceable does not appear to have been a final, appealable judgment—despite its Rule 54(b) designation. See M.R.C.P. 54(b). As this Court recently reiterated, Rule 54(b) can be invoked only “in a relatively select group of cases and applied to an even more limited category of decisions.”[6] Brown Collections, Inc., 188 So.3d 1171, 1175 (Miss. 2016). And “decisions .that leave a portion *744 of the claim pending as to all defendants” do not fit in this narrow category. Id.
¶ 60. Here, as the majority acknowledges, the December 2011 order left a portion of the Fryars’ settlement-enforcement claim pending—i.e., the issues of damages and attorney fees. So according to our precedent, it was “not a true Rule 54(b) judgment.” White v. Mills, 735 So.2d 428, 431 (Miss. 1999) (holding the grant of summary judgment was “not a true Rule 54(b) judgment” because it “left a portion of the claim pending—i.e., that portion dealing with the relief due”); see also Colum Law Firm v. Bd. of Trustees, 16 So.3d 692, 695 (Miss. 2009) (holding that “the trial court’s ruling as to whether the meeting could be declared void does not properly fall within the purview of Rule 54(b)” because “portions of the claim—the factual allegations and the remaining prayers for relief—are still pending as to all the defendants”). And since it was not a true Rule 54(b) judgment, no appellate jurisdiction arose over the Rolisons’ earlier appeal. See Brown, 188 So.3d at 1175-77 (dismissing the appeal sua sponte for lack of jurisdiction because Rule 54(b) certification was invalid); White, 735 So.2d at 432 (holding, despite no challenge to the Rule 54(b) certification, the Court of Appeals plainly erred by entertaining the appeal).
¶ 61. It is this lack of appellate jurisdiction that distinguishes this case from the Ninth Circuit case the majority cites, In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995). In that case, the district court made a Rule 54(b) certification without making the requisite on-the-record findings. Still, the Ninth Circuit held that the Rule 54(b) certification triggered the time to appeal because the “lack of ... findings is not a jurisdictional defect.” Id. See also Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 901 (Miss. 1987) (suggesting, but not requiring, the “trial court to set forth specific reasons and findings prefatory to entering a Rule 54(b) judgment”). But here, the defect is jurisdictional. This is not a case where the trial court should not have certified as final a judgment disposing of less than all claims. See, e.g., Cox, 512 So.2d at 901. Rather, this is a case where the trial court could not certify its decision as final, because it did not dispose of any claim. See, e.g., Brown, 188 So.3d at 1175-77; White, 735 So.2d at 432.
¶ 62. So the Rolisons have not “lost their opportunity to challenge the issues embraced by the Rule 54(b) final judgment,” because no such opportunity arose in the first place. Had the Rolisons pursued their prior appeal—as the majority finds they should have—this Court could not have addressed the issues raised, due to the lack of appellate jurisdiction. Instead, it was only when the settlement-enforcement claim was fully resolved in February 2015 that all underlying issues became final and appealable.
¶ 63. That said, there is no merit to the Rolisons’ jury-trial argument. As the majority points out, the Rolisons litigated the enforcement issue through a bench trial “without objection and -without demanding a jury trial.” So they forfeited their right to a jury trial. And because of this forfeiture, I concur with the majority that the trial court did not err by continuing the bench trial on the issues of damages and attorney fees.
¶ 64. I also concur with the majority’s holding that the trial court did not err in denying the motion to intervene and in determining appropriate amount of damages and attorney fees. Thus, I concur in part and in result.
LAMAR, J., JOINS THIS OPINION.

. "For an order or judgment to qualify for Rule 54(b) finality, the case must include: (1) either multiple claims, multiple parties, or both; and (2) either one or more but fewer than all claims must have been decided or all rights and liabilities of at least one party must have been adjudicated.” Brown v. Collections, Inc., 188 So.3d 1171, 1175 (Miss. 2016).