IRVING, J.,
for the Court.
¶ 1. On February 10, 2004, Deborah Hol-ston filed a proof of claim in the amount of $30,733.37 against the estate of Con Houston Ladner. Holston alleged that Lad-ner’s estate owed her $7,373 for payment of funeral expenses for Con Houston Lad-ner and $23,360.37 for the purchase of building materials and necessary labor for the construction of a dwelling house in which she and Con Houston Ladner intended to reside. Conway Houston Lad-ner, the administrator of the estate of Con Houston Ladner, filed a motion to contest the probated claim, asserting that the claim was untimely and therefore barred. In response, Holston filed a motion to allow the proof of claim. A hearing was held on the matter in the Chancery Court of Pearl River County, Mississippi, and the chancellor issued a memorandum ruling in which he held that Holston’s filed claim was time barred.
¶ 2. Feeling aggrieved by the chancellor’s ruling, Holston appeals and asserts the following issues which we recite verbatim: (1) whether a creditor’s actual knowledge of the pendency of an estate obviated the administrator’s affirmative duty to literally comply with the statutory requirements of Mississippi Code Annotated § 91-7-145 (1972), (2) whether the due process requirements of the Fourteenth *674 Amendment of the United States Constitution, combined with the statutory requirements of Mississippi Code Annotated § 91-7-145 (1972), mandate that notice by mail be provided to Deborah Holston, and (3) whether the administrator’s failure to identify Deborah Holston as a creditor amounts to a fraud upon the court and should serve to invalidate the affidavit identifying creditors.
¶ 3. We find that the chancellor erred in holding that Holston’s claim was time barred without first determining whether Holston was a reasonably ascertainable creditor of Ladner’s estate. Consequently, we reverse and remand the chancellor’s ruling for further proceedings consistent with this opinion.
FACTS
¶ 4. Con Houston Ladner died intestate on September 29, 2003. The son of the deceased, Conway Houston Ladner (hereinafter administrator), was named administrator of the estate. On October 31, 2003, the administrator filed an affidavit of notice to creditors stating that there were no known creditors of the estate even though the administrator knew that Holston had paid the funeral expenses for Con Houston Ladner. Consequently, the administrator sent no notices to creditors, not even to Holston.
¶ 5. However, the administrator published in The Poplarville Democrat on November 6, 13, 20, and 27, 2003, a notice to creditors, informing them that they had ninety days from the date of the first publication to properly probate any claims against the Estate of Con Houston Lad-ner. Holston learned of the pending probate proceedings on November 13, 2003, by reading in The Poplarville Democrat the published notice to creditors. Acting on the knowledge acquired, Holston contacted her attorney on November 17, 2003, and informed her attorney of the publication of the notice to creditors. However, Holston mistakenly informed her attorney that the date of the first publication was November 13, 2003, and her attorney erroneously used this date as the start date for the running of the ninety-day statute of limitation.
¶ 6. On February 10, 2004, Holston filed an affidavit and proof of claim for $30,733.30 against Ladner’s estate. The breakdown of the claim is as follows: (1) payment of funeral expenses in the amount of $7,373 to White Funeral Home for the funeral of Con Houston Ladner, and (2) purchase money for building materials and necessary labor for the construction of a dwelling house in the amount of $23,360.37. Holston contends that before Con Houston Ladner’s death, she and Con Houston Ladner orally contracted that Con Houston Ladner would furnish the real estate upon which a dwelling house was to be constructed, and she would furnish the purchase money for building materials and labor necessary for the construction of the dwelling house. Holston also contends that the decedent’s son, Conway Houston Ladner, knew of this arrangement between her and his father.
¶ 7. The chancellor ruled that Holston’s claim was time barred, since, based on the date of the first publication of the notice to creditors, the ninety-day period in which to properly probate a claim against Ladner’s estate expired at the end of the day on February 4, 2004. Therefore, the chancellor disallowed Holston’s claim without reaching the merits of it or determining whether Holston was a reasonably ascertainable creditor of Ladner’s estate.
STANDARD OF REVIEW
¶ 8. We will not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous. *675 In re Conservatorship of Bardwell, 849 So.2d 1240, 1245 (¶ 16) (Miss.2003) (citing Bowers Window & Door Co. v. Dearman, 549 So.2d 1309, 1312-13 (Miss.1989)). Whenever there is substantial evidence in the record to support the chancellor’s findings of fact, those findings must be affirmed. Id. (citing Denson v. George, 642 So.2d 909, 913 (Miss.1994)). In matters that are questions of law, this Court employs a de novo standard of review and will only reverse for an erroneous interpretation or application of the law. Morgan v. West, 812 So.2d 987, 990(¶ 8) (Miss.2002) (citing Bank of Miss. v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992)).
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 9. Although Holston assigns several issues for our resolution, the crux of her argument is that the administrator’s failure to strictly comply with the requirements of Mississippi Code Annotated section 91-7-145 (Rev.2004) prevented the running of the ninety-day statutory time period in which she had to probate her claim against Ladner’s estate. Therefore, we restrict our discussion to this central issue. Holston contends that she should have been provided actual notice by mail in accordance with the provisions of section 91-7-145.
¶ 10. The administrator of the estate counters that Holston’s claim was untimely and therefore barred. The administrator contends that Holston’s due process rights were not violated by lack of notice by mail because Holston received actual notice from a copy of the published notice to creditors, which gave the dates applicable to the running of the statute of limitations. The administrator also contends that there is no evidence that the administrator considered Holston to be a creditor of the estate or that the administrator even had knowledge of Holston’s claim.
¶ 11. Mississippi Code Annotated section 91-7-145 (Rev.2004) states in pertinent part:
(1) The executor or administrator shall make reasonably diligent efforts to identify persons having claims against the estate. Such executor or administrator shall mail a notice to persons so identified, at their last known address, informing them that a failure to have their claim probated and registered by the clerk of the court granting letters within ninety (90) days after first publication qf notice to creditors will bar such claim as provided in section 91-7-151.
(2) The executor or administrator shall file with the clerk of the court an affidavit stating that such executor or administrator has made reasonably diligent efforts to identify persons having claims against the estate and has given notice by mail as required in subsection (1) of this section to all persons so identified ....
¶ 12. As we have already mentioned, the chancellor found that Holston’s claim was time barred because she had actual notice of the notice to creditors, notwithstanding the fact that she did not receive any notice from the administrator in compliance with the requirements of section 91-7-145. In other words, the chancellor found that the statutory requirements of section 91-7-145 were satisfied when Hol-ston saw the published notice to creditors within the time period in which to file her claim.
¶ 13. The Mississippi Supreme Court has held that “[t]he statute [section 91-7-145] does not specifically allow for notice by publication as a substitute for actual notice by mail; rather, notice by publication is a requirement in addition to providing creditors notice by mail.” Estate of *676 Petrick v. Mississippi Neurosurgery, P.A., 635 So.2d 1389, 1393 (Miss.1994). “It stands to reason that the notice by publication requirement is to further ensure that those creditors who were served by mail are reminded of the time limit to file claims, as well as to give constructive notice to creditors who could not be ascertained through reasonably diligent efforts.” Id. The Mississippi Supreme Court also has held that a “reasonably ascertainable creditor” is one who is discoverable through “reasonably diligent efforts.” Id. at 1395.
¶ 14. Accordingly, we reverse the chancellor’s ruling and remand the case for a factual determination by the chancellor as to whether Holston was a reasonably ascertainable creditor. If on remand the chancellor finds that Holston was a reasonably ascertainable creditor, then he shall adjudge that Holston’s claim was timely filed since she was not sent any notice by the administrator as required by section 91-7-145. If Holston is a reasonably ascertainable creditor of the estate, a strict and literal interpretation of Mississippi Code Annotated section 91-7-145 (Rev. 2004) mandates that she be given notice by mail by the administrator before the ninety days specified in Mississippi Code Annotated section 91-7-151 (Rev.2004) begins to run. However, nothing contained in this opinion shall be interpreted as a comment upon the merits of Holston’s claim, and, if the chancellor determines that Hol-ston’s claim was timely filed, the administrator still shall be free to contest Hol-ston’s claim on the merits pursuant to the provisions of Mississippi Code Annotated section 91-7-165 (Rev.2004).
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.