MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. J.T. Waters died leaving a will. His wife, Barbara Waters Harris, and four children (the “Waters heirs”) survived him. Harris served as executrix and filed in the Covington County Chancery Court a first and final account along with a petition to close the estate. The Waters heirs challenged many of the items detailed in the account. The chancellor held a hearing on the disputed matters and later entered a judgment. On appeal, Harris challenges many of the chancellor’s findings—namely that the Waters heirs did not violate the will’s “no contest” clause and that the estate was entitled to an interest in a florist business she operated. Harris also contests the chancellor’s award of administration expenses and failure to award certain property to her—-including cattle, farm equipment, household furnishings and appliances. We do not reach the merits of her arguments because we conclude the chancellor disposed of less than all claims and did not enter a final, appealable order as required by Mississippi Rule of Civil Procedure 54(b). Thus, we dismiss this appeal for lack of jurisdiction.
 

 DISCUSSION
 

 Jurisdiction and Rule 54(b)
 

 ¶2. Though neither party addressed the finality of the chancellor’s order, we must do so on our own initiative.
 
 M.W.F. v. D.D.F.,
 
 926 So.2d 897, 899 (¶4) (Miss.2006) (citing
 
 Williams v. Delta Reg’l Med. Ctr.,
 
 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
 

 ¶ 3. Generally, parties may only appeal from a final judgment.
 
 Walters v. Walters,
 
 956 So.2d 1050, 1053 (¶ 8) (Miss. Ct.App.2007) (citing
 
 M.W.F.,
 
 926 So.2d at 899 (¶ 4)). “A final, appealable judgment is one that ‘adjudicates the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the lower court.”
 
 Id.
 
 The purpose behind this rule—sometimes called the final-judgment rule—has been summarized as follows:
 

 The ... rule minimizes appellate court interference with trial court proceedings, reduces the ability of a litigant to wear down an opponent with a succession of time-consuming appeals, and enables the appellate court to view the case as a whole and avoid questions which may be mooted by the shifting fortunes of trial combat.
 

 Id.
 

 ¶ 4. Rule 54(b) provides an exception to the final-judgment rule.
 
 Id.
 
 The rule allows the trial court to “direct the entry of a final judgment as to one or more but fewer than all of the claims or parties” in an action. M.R.C.P. 54(b). But the trial court may do so “only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.”
 
 Id.
 
 Absent a Rule 54(b) certification, any judgment—regardless of how designated—is not final if it “adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties.” M.R.C.P. 54(b);
 
 see also
 
 M.R.C.P. 54(b) cmt.
 

 ¶ 5. According to the official comment to Rule 54(b), the basic purpose of the rule “is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.” M.R.C.P. 54(b) cmt. The trial judge’s decision of whether to grant a Rule 54(b) judgment is discretionary.
 
 Id.
 
 But if the trial judge elects to grant the Rule 54(b) judgment, he “must
 
 *659
 
 do so in a definite, unmistakable manner.”
 
 Id.
 

 ¶ 6. We are confronted with an unusual set of facts. The will leaves multiple specific legacies to Harris. These include cattle, farm equipment, home furnishings and appliances. In Harris’s final account, she requested authority to convey this property to herself. In the chancellor’s judgment, he only addressed the cattle.
 

 ¶ 7. It is apparent the parties agreed Harris was entitled to inherit all cattle, farm equipment, home furnishings and appliances. Yet the chancellor concluded, without explanation, that the estate owned a one-half interest in the cattle. He then ordered attorneys’ fees to be paid first from the proceeds of the sale of the cattle.
 

 ¶ 8. We are unable to assume the judgment’s silence on the other issues — the farm equipment, home furnishings and appliances — serves as an implicit approval of the accounting. This is especially so, given the chancellor’s ruling on the seemingly undisputed issue involving the cattle. The record shows the chancellor neither approved nor rejected Harris’s request for the chancellor to order the farm equipment, home furnishings and appliances conveyed to her.
 

 ¶ 9. The Waters heirs assert there is no evidence Harris did not
 
 receive
 
 the cattle, farm equipment, or household furnishings and appliances. They make no attempt to argue Harris is not entitled to this property. Harris points out that the chancellor never addressed these issues. But regardless of who ultimately received or is in possession of the property, the fact remains the chancellor neither approved nor rejected Harris’s request in her final accounting to convey the farm equipment, household furnishings and appliances to herself as directed by the will. By not addressing these matters, the chancellor left no legal finality as to the proper distribution of this property.
 

 ¶ 10. The chancellor also did not address all of the administration expenses Harris requested. The chancellor reserved ruling on certain contested expenses, but it appears he never revisited this issue. In the judgment, he only specifically addressed attorneys’ fees and expenses of the cattle operation. The chancellor found attorneys’ fees should be paid first from the proceeds of the sale of the cattle, then the florist business, and finally the residence. We do not find in the record where the chancellor determined if this same formula applied to the payment of other contested administration expenses. Thus, it appears the chancellor never fully resolved the administration-expenses issue. The chancellor also did not confront the disputed matter of the statutory allowance for one year’s support.
 
 See
 
 Miss.Code Ann. § 91-7-135 (Rev. 2004). Though Harris requested the allowance and again raised the issue in her motion for rehearing, the chancellor did not resolve this issue.
 

 ¶ 11. For these reasons, we must conclude the chancellor did not adjudicate all claims involved in this case.
 
 See
 
 M.R.C.P. 54(b). Since no Rule 54(b) certification appears in the record, the chancellor’s order is interlocutory. For an interlocutory order to be appealable, the supreme court must grant leave to proceed with the appeal under Mississippi Rule of Appellate Procedure 5.
 
 Lloyd G. Oliphant & Sons Paint Co. v. Logan,
 
 12 So.3d 614, 617 (¶ 9) (Miss.Ct.App.2009). Since the supreme court did not grant permission to appeal from this judgment — nor was it sought— we are without jurisdiction over this matter.
 

 ¶ 12. We recognize our supreme court’s holding that a chancellor’s decree allowing a creditor’s claim against the estate, which
 
 *660
 
 had been entered prior to the closing of the estate, began the running of the thirty-day period in which to appeal.
 
 In re Estate of Philyaw v. Johnson,
 
 514 So.2d 1232, 1286-37 (Miss.1987). But here, unlike
 
 Estate of Philyaw,
 
 the chancellor’s judgment at the estate’s closing left disputed issues unresolved — including awards of personal property, administration expenses, and the one-year allowance. For this reason, we find the timeliness of Harris’s appeal is not at issue. In addition,
 
 Estate of Philyaw
 
 considered a claim filed prior to the effective date of the Mississippi Rules of Civil Procedure.
 
 Id.
 
 at 1239 (Prather, J., dissenting in part; concurring in part).
 

 ¶ 13. In a domestic relations context, the supreme court found Rule 54(b) applicable.
 
 M.W.F.,
 
 926 So.2d at 900 (¶5). Where the chancellor granted a fault-based divorce but did not resolve child-support and child-custody issues, the supreme court concluded it lacked jurisdiction under Rule 54(b).
 
 Id.
 
 at 898-900 (¶¶ 3, 5). Other states have likewise applied their identical versions of Rule 54(b) to judgments disposing of less than all disputed matters in the administration of an estate.
 
 See, e.g., Montiel v. Estate of Montiel,
 
 976 So.2d 1043, 1044-45 (Ala.Civ. App.2007);
 
 Green v. Estate of Nance,
 
 971 So.2d 38, 42-43 (Ala.Civ.App.2007);
 
 Scott v. Scott,
 
 136 P.3d 892, 899 (Colo.2006);
 
 In re Estate of Newman v. Hadfield,
 
 174 Ind.App. 537, 369 N.E.2d 427, 431 (1977);
 
 In re Estate of Stensland v. Stensland,
 
 574 N.W.2d 203, 206-07 (N.D.1998);
 
 Hillis v. Humphrey,
 
 2005 WL 136107, *3 (Ohio Ct. App.2005) (unreported decision).
 

 ¶ 14. We therefore conclude under these circumstances, the chancellor had to comply with Rule 54(b) for the judgment to be appealable. To hold otherwise would result in piecemeal appeals of intertwined issues. Since no Rule 54(b) certification appears in the record, we must dismiss this appeal for lack of jurisdiction.
 

 ¶ 15. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL
 
 ARE
 
 ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.