MAXWELL, J.,
for the Court:
¶ 1. Northeast Mental Health-Mental Retardation Commission (the Commission) appeals the partial grant of summary judgment in favor of V.M. Cleveland, which the chancellor had certified as final and ap-pealable under Mississippi Rule of Civil Procedure 54(b). But just because an order is declared to be final and appealable *1022 does not necessarily make it so.[1] And in this case, the order certified as final did not fall within the “limited category of decisions” to which Rule 54(b) may be applied.[2] Thus, the Rule 54(b) certification was invalid.
¶ 2. Because the decision that the Commission appeals is not a final, appealable judgment, we dismiss the appeal for lack of jurisdiction.
Procedural History

I. Chancery Action

¶ 3. The underlying dispute involves the validity of a ninety-nine-year lease between the Commission and Cleveland. Under the terms of the lease, the Commission agreed to lease Cleveland land in Lee County, Mississippi. In turn, Cleveland agreed to build a mental-health facility on the property and turn around and rent the facility to the Commission for $18,000 per month so long as the Commission had the state and federal funds to pay the rent. But if the Commission was unable to fund the rent, it agreed to quitclaim the land and facility to Cleveland.
¶ 4. This arrangement lasted for a decade, until the Commission, now composed of different members, voted to void the lease as unreasonable. The Commission filed an action against Cleveland in the Lee County Chancery Court, seeking to have the lease declared void. Cleveland filed a counterclaim, seeking damages for breach of contract and to have the lease declared enforceable.
¶ 5. Both parties filed cross motions for summary judgment. The chancellor denied the Commission’s motion for summary judgment. But he granted Cleveland’s motion in part. The chancellor found, based on the undisputed facts, that the Commission had the legal authority to enter the lease with Cleveland. But the chancellor could not fully rule in Cleveland’s favor because there were “genuine issues of material fact [on] whether it is necessary for the Commission to rescind the agreement or whether such action directly or indirectly promotes its statutory purposes.”
¶ 6. Despite not resolving any claim, the chancellor “certified” his decision as final and appealable under Rule 54(b).

II. The Commission’s Appeal

¶ 7. Both the supreme court and this court have dismissed appeals based on improper Rule 54(b) certifications — even when the parties raised no concerns about the finality of the order being appealed. E.g., White v. Mills, 735 So.2d 428, 432 (¶ 17) (Miss.1999); Reeves Constr. & Supply, Inc. v. Corrigan, 24 So.3d 1077, 1082-84 (¶¶ 12-18) (Miss.Ct.App.2010). However, here, the Commission has expressed concerns about the propriety of the Rule 54(b) certification since the onset of this appeal.
¶ 8. The chancellor’s decision was not certified as final at either party’s request. Instead, the chancellor sua sponte inserted the following into his order: “Insofar as the enforceability of the contract, the court certifies this is a final decision, appealable pursuant to M.R.C.P. 54(b).” Because of this sentence, the Commission, in its own words, “found itself in the precarious position of being forced to either appeal the final judgment and risk dismissal for lack *1023 of jurisdiction or risk losing the enforceability issue altogether under the law-of-the-case doctrine.” So the Commission simultaneously filed two appeals. It filed a petition for an interlocutory appeal under Mississippi Rule of Appellate Procedure 5. And it also filed a notice of appeal under Mississippi Rule of Appellate Procedure 3, just in case the chancellor’s Rule 54(b) certification was “in fact a valid final judgment.”
¶ 9. In their Rule 3 appeal, however, the Commission informed the supreme court about its interlocutory appeal, acknowledging that Rule 5 was likely the proper procedural avenue to review of the chancellor’s decision. Two weeks after filing its notice of appeal, the Commission filed a “Motion to Vacate and Consolidate,” asking the supreme court to vacate the chancellor’s Rule 54(b) certification and consolidate the Rule 3 appeal with the Rule 5 appeal. In this motion, the Commission expressed concern that the chancellor’s decision was not eligible for certification under Rule 54(b). So it asked the supreme court “for an expedited ruling regarding jurisdiction” and expressly “request[ed] that [the supreme court] determine whether the Chancellor’s final order is a valid certification and whether this appeal should proceed under [Rule] 3 or [Rule] 5.”
¶ 10. By order dated November 29, 2012, the supreme court denied the Commission’s petition for an interlocutory appeal — as was certainly its perogative. See M.R.A.P. 5. Yet by order dated the same day, the supreme court simply dismissed the Commission’s motion to vacate and consolidate as moot, without providing the Commission with any “expedited ruling regarding” the validity of the chancellor’s Rule 54(b) certification. In light of this order, the Commission decided to pursue its Rule 3 appeal, despite concerns over the finality of the order it was appealing.
Discussion
¶ 11. Now that the Rule 3 appeal is before this court, we must confirm the Commission’s suspicions were correct. The chancellor’s decision could not be certified as final under Rule 54(b). Thus, despite the certification, the nature of the chancellor’s decision was in fact interlocutory. So once the Commission’s request for an interlocutory appeal was denied, the parties had no other option but to proceed to a full adjudication at the trial-court level.

I. Rule 54(b) and the Final-Judgment Rule

¶ 12. Only final judgments may be appealed. Harris v. Waters, 40 So.3d 657, 658 (¶ 3) (Miss.Ct.App.2010). “A final, appealable[ ] judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the lower court.” Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007) (emphasis added and internal quotation marks omitted).
¶ 13. “Rule 54(b) provides an exception to the final-judgment rule.” Harris, 40 So.3d at 658 (¶ 4). Under this rule, the trial court may “direct the entry of a final judgment as to one or more but fewer than all of the claims or parties!.]” M.R.C.P. 54(b). “According to the official comment to Rule 54(b), the basic purpose of the rule ‘is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.’ ” Harris, 40 So.3d at 658 (¶ 5) (emphasis added) (quoting M.R.C.P. 54(b) cmt.).
¶ 14. However, for a judgment or order to be eligible for Rule 54(b) finality, “the *1024 case [must] include either multiple claims, multiple parties, or both, and ... either one or more but fewer than all the claims [must] have been decided, or ... all the rights and liabilities of at least one party [must] have been adjudicated.” M.R.C.P. 54(b) cmt. The comment makes clear that “[d]espite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions.” M.R.C.P. 54(b) cmt. And “[a] decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b).” M.R.C.P. 54(b) cmt.

II. Invalidity of Rule 54(b) Certification

¶ 15. The chancellor’s grant of partial summary judgment did not decide a claim between the two parties. Rather, it merely decided an issue within their claims-whether the contract was enforceable. This decision resulted in the denial of summary judgment to the Commission. And the denial of summary judgment is an interlocutory order that may only be appealed by permission. Hinds Cnty. v. Perkins, 64 So.3d 982, 984 (¶ 7) (Miss.2011). The chancellor’s decision also led to the partial grant of summary judgment in favor of Cleveland. But none of Cleveland’s claims were fully resolved. The chancellor was clear in his order that, despite the contract being enforceable as a matter of law, full summary judgment could not be granted because there were still “genuine issues of material fact” concerning whether the Commission could validly take actions to rescind the contract.
¶ 16. Because the chancellor’s decision left a portion of Cleveland’s claim pending, the chancellor’s order did not fall within that “limited category of decisions” in which Rule 54(b) may be applied. M.R.C.P. 54(b) cmt. Thus, the Rule 54(b) certification is invalid, and the decision that is the subject of this appeal is not a final, appealable judgment. Lacking jurisdiction to address the merits of the chancellor’s decision, we dismiss the appeal.
¶ 17. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. E.g., White v. Mills, 735 So.2d 428, 431 (¶ 11) (Miss.1999) (holding trial court’s order was not appealable "[djespite its designation as a Rule 54(b) judgment”); Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss.1987) (vacating and dismissing appeal because Rule 54(b) certification "improvidently granted”).

. M.R.C.P. 54(b) cmt.