WILSON, J., DISSENTING:
 

 ¶ 21. We do not have jurisdiction to address this appeal because Rush did not file a timely notice of appeal. The chancery court entered a judgment on June 23, 2016, denying Rush's probated claim. At that point, Rush's claim was denied, and its involvement in the estate proceeding was concluded. Under the precedents of the Mississippi Supreme Court and this Court, Rush then had thirty days to appeal. Rush's November 17, 2016 notice of appeal was untimely.
 

 ¶ 22. In
 
 In re Estate of Philyaw
 
 ,
 
 514 So.2d 1232
 
 (Miss. 1987), the chancery court entered a judgment allowing a creditor's claim against the estate, and no appeal was taken from that judgment.
 

 Id.
 

 at 1234
 
 . The estate remained open for twenty-one months after entry of the judgment allowing the claim. During that period, additional claims and issues were litigated until the chancery court entered a judgment approving and confirming the final accounting and closing the estate.
 

 Id.
 

 at 1234-36
 
 . One of the deceased's children then attempted to appeal the judgment entered twenty-one months earlier that had allowed the creditor's claim against the estate.
 

 Id.
 

 at 1236
 
 . However, the Supreme Court held that it was "without jurisdiction" to hear an appeal from the judgment allowing the creditor's claim because the time to appeal it had "long since expired."
 

 Id.
 

 at 1237
 
 . The Court's opinion established a clear rule that the time to appeal a judgment allowing a creditor's "contested claim runs from the date of such decree"-
 
 not
 
 "from the date of the decree finally closing the estate."
 

 Id.
 

 at 1236
 
 .
 

 ¶ 23. In
 
 In re Estate of Holmes
 
 ,
 
 188 So.3d 1229
 
 , 1232 n.3 (Miss. Ct. App. 2015), this Court applied the same logic to a creditor's appeal from a judgment denying a probated claim. There, the executor argued that the judgment denying the claim was not a final, appealable judgment because the estate remained open, and there was no final order closing the estate.
 

 Id.
 

 We rejected the executor's argument, and held that the judgment was final and appealable because it "finally resolved the probate claim ... lodged against [the] estate."
 

 Id.
 

 We further noted that "both the Mississippi Supreme Court and this [C]ourt have exercised appellate jurisdiction over timely appeals from orders either allowing or disallowing claims against still-open estates."
 

 Id.
 

 (citing
 
 In re Estate of Petrick
 
 ,
 
 635 So.2d 1389
 
 (Miss. 1994) ;
 
 In re Estate of Ladner
 
 ,
 
 911 So.2d 673
 
 (Miss. Ct. App. 2005) ).
 

 ¶ 24. Thus,
 
 Holmes
 
 clearly holds that a judgment denying all of a creditor's probated claims is a final, appealable judgment.
 

 Id.
 

 Accordingly,
 
 Holmes
 
 also "sort of obliquely says that the time to appeal is within thirty days of the order or judgment denying the claim," even if "it does not come right out and say so." Hon. Larry Primeaux,
 
 When to Appeal from Denial of a Probated Claim
 
 ,
 
 The Better Chancery Practice Blog
 
 (Sept. 28, 2015), https://betterchancery.com/2015/09/28/when-to-appeal-from-denial-of-a-probated-claim/. As Chancellor Primeaux explains,
 
 Holmes
 
 's holding follows logically from the Supreme Court's decision in
 
 Philyaw
 
 , which "directly answers the question" of when to appeal.
 

 Id.
 

 "
 
 Philyaw
 
 deals with the time for an administrator or executor to appeal from a ruling adverse to the estate, but there is no logical reason why the same rationale should not apply to a creditor appealing from an adverse ruling. It's that goose-and-gander thing."
 

 Id.
 

 ¶ 25. Applying these precedents, it is clear that Rush should have filed a notice of appeal within thirty days of the June 23, 2016 judgment denying its probated claim. M.R.A.P. 4(a). That judgment "finally resolved the probate claim" that Rush
 "lodged against [the] estate."
 
 Holmes
 
 ,
 
 188 So.3d at
 
 1232 n.3. Therefore, the time to appeal ran from the entry of that judgment.
 
 Philyaw
 
 ,
 
 514 So.2d at 1236
 
 . The
 
 only
 
 subsequent activity in the chancery court was the entry, about four months later, of a two-page judgment closing the estate, discharging the administrator, and waiving a final accounting.
 
 Those issues had nothing to do with Rush or its probated claim
 
 . The judgment denying Rush's claim was
 
 final
 
 whether the estate was "solvent" or "insolvent" and regardless of any subsequent "inventory."
 
 Ante,
 
 at (¶¶ 11-16). The majority's reasoning on this point is in direct conflict with
 
 Philyaw
 
 , which made clear that finality for purposes of appeal does
 
 not
 
 require a "decree finally closing the estate."
 
 Philyaw
 
 ,
 
 514 So.2d at 1236
 
 . By the time Rush filed a notice of appeal-about five months after the entry of the judgment denying its probated claim-the time to appeal had "long since expired."
 

 Id.
 

 at 1237
 
 . Therefore, this Court is "without jurisdiction" to consider Rush's appeal.
 

 Id.
 

 ¶ 26.
 
 Harris v. Waters
 
 ,
 
 40 So.3d 657
 
 (Miss. Ct. App. 2010), which the majority cites, is simply inapposite. In
 
 Harris
 
 , which we described as "an unusual set of facts," the will left the executor/widow "multiple specific legacies," including cattle, farm equipment, home furnishings, and appliances, and the executor/widow asked the court to grant her (1) authority to convey all of this property to herself, (2) a widow's allowance, and (3) administration expenses.
 

 Id.
 

 at 659
 
 (¶¶ 6, 10). The chancellor partially denied her request to convey the cattle. However, the chancellor did not address her requests to convey the farm equipment, home furnishings, or appliances. Nor did the chancellor resolve her requests for a widow's allowance and expenses.
 

 Id.
 

 at (¶¶ 7-10). Thus, although the claimant/appellant had advanced several different claims and requests for relief in the chancery court, the chancellor had adjudicated only one of them-the request to convey the cattle-while leaving all of the others unresolved. Because the chancellor's ruling did not resolve several disputed issues related to the appellant's requests for relief, this Court held that the chancellor's ruling was neither final nor appealable.
 

 Id.
 

 at 659-60
 
 (¶ 12) (distinguishing
 
 Philyaw
 
 ,
 
 supra
 
 ). In stark contrast, the judgment denying Rush's probated claim finally resolved
 
 all
 
 of Rush's claims and concluded Rush's involvement in the estate proceeding.
 

 ¶ 27. The majority also seems to say that Rush
 
 could have
 
 appealed from the June 23, 2016 judgment denying its claim but was not
 
 required
 
 to do so.
 
 See
 

 ante,
 
 at (¶¶ 13-16). That simply is not how our appellate jurisdiction works. If a judgment is final, the notice of appeal
 
 must
 
 be filed within thirty days (unless the time for filing is tolled). M.R.A.P. 4. If the judgment is not final, it
 
 cannot
 
 be appealed. A party does not get to decide
 
 when
 
 to appeal the judgment. The designated time for appealing the judgment is mandatory and "jurisdictional."
 
 Philyaw
 
 ,
 
 514 So.2d at 1236
 
 . This is exactly the point of
 
 Philyaw
 
 's holding that an executor or administrator
 
 must
 
 appeal within the time allowed following a judgment allowing a contested claim.
 

 Id.
 

 The majority utterly fails to explain why we would have one rule for executors/administrators but a different rule for creditors.
 

 ¶ 28. Finally, the majority seems to imply that we have jurisdiction
 
 in this particular appeal
 
 but only because prior precedent did not make Rush's obligation to appeal "apparent."
 
 Ante,
 
 at (¶ 16). This is no basis for appellate jurisdiction. To begin with, because there is no material difference between this case and
 
 Philyaw
 
 , the
 obligation was already "apparent." Moreover, in
 
 Philyaw
 
 , the Supreme Court dismissed the appeal for lack of jurisdiction even though "the specific jurisdictional question ...
 
 ha[d] never been addressed by [the Supreme] Court
 
 ," and courts in other states were divided on the issue.
 
 Philyaw
 
 ,
 
 514 So.2d at 1236
 
 (emphasis added). In short, this case does not involve any issue of first impression; and even if it did, there is no such thing as issue-of-first-impression appellate jurisdiction.
 

 ¶ 29. My disagreement with the majority may seem academic. The majority affirms the judgment denying the probated claim, while I would dismiss the appeal, which would also leave the judgment in place. However, "it is essential that the point at which a judgment is final be crystal clear because appellate rights depend upon it. The opportunity to appeal could be lost by a mistaken belief that the judgment is not final and a consequent failure to file timely a notice of appeal."
 
 Huene v. United States
 
 ,
 
 743 F.2d 703
 
 , 704 (9th Cir. 1984). Our Supreme Court's decision in
 
 Philyaw
 
 and our decision in
 
 Holmes
 
 provide at least some degree of clarity as to when to appeal a judgment allowing or denying a probated claim. However, the majority's opinion undermines this clarity. It will require lawyers to guess as to whether such a judgment is final or non-final based on the pendency of
 
 wholly unrelated
 
 issues within the estate proceeding as a whole. I respectfully dissent.