# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00697-COA

**DELILAH SHANDY**                                                                      **APPELLANT**

**v.**

**JOHN DAVIS**                                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2024 |
| TRIAL JUDGE: | HON. JAMES D. BELL |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JEREMY PAUL McNINCH |
| | JOHN S. GRANT IV |
| ATTORNEYS FOR APPELLEE: | MARK A. CHINN |
| | JANEAH RAY SAKALAUKUS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | APPEAL DISMISSED - 10/21/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1.     Delilah Shandy (Dee) and John Davis married in 2004. The day before their wedding, they exchanged financial disclosures and signed an "Antenuptial Agreement" (the Agreement) to help categorize their assets. Nineteen years later, Dee and John separated, and each filed for divorce. In addition to seeking a divorce, Dee moved to have the Agreement set aside, arguing that it did not meet the requirements of a valid prenuptial agreement in Mississippi. The chancery court denied her motion and found the Agreement to be valid and enforceable. In the court's written order, it certified the judgment as final and appealable under Mississippi Rule of Civil Procedure 54(b). However, just because a chancellor declares an order to be final and appealable does not necessarily make it true.

¶2.     After a review of the record, we determine that not all issues were resolved by the chancellor's final judgment, meaning that a "final, appealable judgment" was not issued in this case. Therefore, this Court lacks jurisdiction, and dismissal of this appeal is proper.

**ANALYSIS**

¶3.     Dee appealed the chancellor's denial of her motion to set aside the Agreement. "[Even] [t]hough neither party raises the finality and appealability of the chancellor's purportedly final order[,] . . . before addressing the merits of this appeal, we must consider the threshold issue of jurisdiction." *Banks v. Banks*, 396 So. 3d 499, 500 (¶2) (Miss. Ct. App. 2024). "Jurisdictional matters are questions of law, which we review de novo." *Id.*

¶4.     Typically, "parties may only appeal from a final judgment." *Harris v. Waters*, 40 So. 3d 657, 658 (¶3) (Miss. Ct. App. 2010). "A final, appealable judgment is one that adjudicates the merits of the controversy which settles *all issues* as to *all the parties* and requires *no further action by the lower court*." *Ne. Mental Health Mental Retardation Comm'n v. Cleveland*, 126 So. 3d 1020, 1023 (¶12) (Miss. Ct. App. 2013). This rule is sometimes called the final-judgment rule. *Harris*, 40 So. 3d at 658 (¶3). Moreover, "[a] decision that does not resolve all of the claims against all of the parties and that leaves issues pending before the court is interlocutory and is not a final judgment from which an appeal can be taken." *McRae v. Mitchell*, 337 So. 3d 1057, 1060 (¶7) (Miss. 2022).

¶5.     "Rule 54(b) provides an exception to the final-judgment rule." *Cleveland*, 126 So. 3d at 1023 (¶13). Under this rule, the trial "court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties[.]" M.R.C.P. 54(b). Yet, the trial court

2

may only do so "upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment." M.R.C.P. 54(b). However, "just because an order is declared to be final and appealable[,] [that] does not necessarily make it so." *Cleveland*, 126 So. 3d at 1021-22 (¶1).

¶6. We have noted that the "purpose of the rule is to avoid the possible injustice of a delay in entering judgment *on a distinctly separate claim* or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Id.* at 1023 (¶13) (internal quotation marks omitted) (quoting *Harris*, 40 So. 3d at 658 (¶5) (quoting former M.R.C.P. 54(b) cmt.)). It should also be noted that even though the scope of Rule 54(b) appears broad, the Rule may only be invoked in "a relatively select group of cases and applied to an even more limited category of decisions." *Id.* at 1024 (¶14) (citing M.R.C.P. 54(b)).

¶7. This Court has previously addressed the invalidity of Rule 54(b) certifications. In *Cleveland*, the chancellor certified a partial grant . . . of summary judgment under Rule 54(b), but we found the certification invalid, concluding that "[t]he chancellor's grant of summary judgment did not decide a claim between the two parties. Rather, it merely decided an issue within their claims—whether the contract was enforceable." *Id.* at 1024 (¶15). We also reasoned that the chancellor's decision left a portion of the defendant's claim pending; and thus, "the chancellor's order did not fall within that limited category of decision in which Rule 54(b) may be applied." *Id.* at (¶16). We find the same logic applies here.

¶8. Just as the chancellor's partial grant of summary judgment in *Cleveland* did not decide

3

a claim between the parties but merely an issue within their claims, the chancellor's order in the instant case merely resolved an issue related to the Agreement—whether the Agreement was valid and enforceable. Although the chancellor held that the Agreement was enforceable, the court decided nothing else; thus, no claim between the parties has been resolved. There is no order yet granting or denying the parties' divorce, and Dee and John are still married. Therefore, the judgment at issue does not adjudicate all the issues between the parties, and the chancellor's order did not fall within the "limited category of decisions" in which Rule 54(b) may be applied. *Id.* Since the chancellor's order was neither a final judgment nor properly certified under Rule 54(b), the appeal must be dismissed for lack of jurisdiction.

¶9.     **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**