**Addie Elizabeth SMITH, Plaintiff-Appellee,**

v.

**Eugene BENEDICT, Defendant-Appellant.**

**No. 12873.**

United States Court of Appeals Seventh Circuit.

June 16, 1960.

Robert B. Johnstone, Leslie H. Vogel, Robert C. Vogel, Chicago, Ill., for defendant-appellant.

Louis S. Griggins, William H. De-Parcq, Chicago, Ill., for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

Action for personal injuries. One of the defenses interposed was the Statute of Limitations. This is an appeal from a "judgment" for plaintiff entered on a trial of the separate defense of the Statute of Limitations.

■■ The judgment denying the defense does not adjudicate or terminate the claim on the merits. It is, therefore, not a final decision from which an appeal may be taken under Section 1291, Title 28 U.S.C.A., Final decisions of district courts. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10, and Catlin v. United States, 1945, 324 U.S. 229, 65 S.Ct. 631, 89 L. Ed. 911.

The judgment appealed from does not fall within the small class of cases which form an exception to the final decision rule. In these cases review is granted where the decision, although not terminating the litigation, has a final and probably irreparable effect on a right of the parties which might be lost if review were deferred until the whole case is adjudicated. Thus, an order denying a motion that plaintiff give security in connection with the action was held appealable in Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, where a serious and unsettled question was presented as to the right to security. In Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 1950, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206, an order vacating attachment of a vessel was held appealable because a later review, after release of the vessel, would be an empty right, and restoration would only theoretically be possible. An order denying defendant's motion for reduction of bail was held appealable because the order was deemed to have a final and irreparable effect on the right of the defendant, was of sufficient importance, and the claimed right was not an ingredient of the cause of action in Heikkinen v. United States, 7 Cir., 1953, 208 F.2d 738.

Although designated a judgment on a separate defense, the decision has the same effect as a denial of a motion to dismiss. Orders denying motions to dismiss have been held nonappealable. Spruill v. Cage, 6 Cir., 1958, 262 F.2d

355; Connell v. Dulien Steel Products, Inc., 5 Cir., 1957, 240 F.2d 414.

■■ The judgment on the defense does not fall within Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing for entry of final judgment upon one or more but less than all of the claims upon the express determination that there is no just reason for delay. The term "claim," as used in the Rule, upon which an appealable judgment may be entered has been defined as a cause of action. School Dist. No. 5 v. Lundgren, 9 Cir., 1958, 259 F.2d 101.

The appeal does not purport to fall within the Interlocutory Appeals Act, Section 1292, Title 28 U.S.C.A., nor has there been compliance with the requirements of that section.

Since the judgment denying the defense of the Statute of Limitations is not a final decision within the meaning of the statute, the court is without jurisdiction in this matter, and the appeal must, therefore, be dismissed. It is so ordered.