587 F.2d 945
 The COUNTY OF HENNEPIN, a body politic and corporate, in the
State of Minnesota, and Alpana Aluminum Products,
Inc., and Midwest Industries, Inc., a
joint venture, Appellees,
v.
The AETNA CASUALTY AND SURETY COMPANY, and ASG Industries,
Inc., Appellant,
and
The American Insurance Company.
 No. 78-1741.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 24, 1978.
Decided Dec. 7, 1978.
 
 Bradley G. Clary and Elmer B. Trousdale, St. Paul, Minn., for appellant, ASG Industries, Inc.
 Roger A. Pauly, Minneapolis, Minn., for appellees.
 Wayne G. Popham, Allen W. Hinderaker and David E. Mikkelson, Minneapolis, Minn., for appellee, Hennepin County.
 Before HEANEY, ROSS and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 ASG Industries, Inc. (ASG) appeals from a partial summary judgment striking two of its affirmative defenses from its answer. The matter is before the Court on appellees' motion to dismiss the appeal for lack of jurisdiction.
 
 
 2
 Appellees Alpana Aluminum Products, Inc. and Midwest Industries, Inc. (Alpana-Midwest), a joint venture, and the County of Hennepin brought this action against ASG to recover damages for losses allegedly arising from defects in windows supplied by ASG for the construction of the Hennepin County Government Center. In its answer, ASG listed, among its affirmative defenses, those of real party in interest and privity of contract. Prior to trial, Alpana-Midwest moved for partial summary judgment on the issues of real party in interest and privity of contract. The District Court granted the motion and ordered those two affirmative defenses stricken from ASG's answer. Finding no just reason for delay, the court further ordered that pursuant to Fed.R.Civ.P. 54(b), judgment be entered in favor of Alpana-Midwest with respect to those issues.
 
 
 3
 The appealability of an order striking one of several defenses has consistently been rejected on the ground that it "would seem as nearly interlocutory as any pleading ruling can ever be." Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 154 F.2d 814 (2d Cir.), Cert. denied, 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630 (1946). Accord, Smith v. Benedict, 279 F.2d 211, 212 (7th Cir. 1960); United States Sugar Corp. v. Atlantic Coast Line R. R. Co., 196 F.2d 1015, 1016 (5th Cir. 1952). While the order in the present case was styled "partial summary judgment," a more appropriate term would be "interlocutory summary adjudication." 6 Moore's Federal Practice P 56.20(4), at 56-1232 (2d ed. 1976). See also 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3914, at 587 (1976). As such, it lacks the finality necessary for it to be appealable under 28 U.S.C. § 1291. Id.
 
 
 4
 The District Court's direction that judgment be entered pursuant to Rule 54(b) does not make the order appealable. "The District Court Cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). In another case involving the striking of an affirmative defense, the Fourth Circuit held that "it is as well settled as anything can be that Rule 54(b) does not authorize appeal from a judgment with respect to a mere affirmative defense." Flynn & Emrich Co. v. Greenwood, 242 F.2d 737, 741 (4th Cir.), Cert. denied, 353 U.S. 976, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957).
 
 
 5
 ASG's final argument in favor of appealability is that the order at issue comes within the scope of the collateral order doctrine set forth in Cohen v. Beneficial Industrial Loan Co., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under that doctrine, an order is appealable if it is "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." Id. at 546-547, 69 S.Ct. at 1226. Here, the striking of two of ASG's defenses simply eliminates two roadblocks on the plaintiffs' road to recovery. Appellate review should be deferred until the plaintiffs' claims are tested against all of ASG's defenses. ASG may raise these issues again on a subsequent appeal from the final judgment.
 
 
 6
 The appeal is dismissed for lack of jurisdiction.