McMILLIN, C.J.,
for the court.
¶ 1. This matter originated as a statutorily-authorized appeal to the Chancery Court of Lincoln County seeking judicial review of a decision by the Mississippi Oil and Gas Board to adopt a rule governing the proper disposal of waste material from gas production sites containing radioactive material. The chancery court found that the appeal had not been properly perfected within the time permitted by the statute and dismissed the proceeding. It is on that narrow issue that the case now comes before this Court.
¶ 2. We deal with a pure question of law since the facts upon which the issue before us turns are not in dispute. In that circumstance, we conduct a de novo review of the chancellor’s resolution of the issues of law. Lowe v. Lowndes County Bldg. Inspection Dept., 760 So.2d 711(¶ 6) (Miss.2000).
¶ 3. The Oil and Gas Board issued notice that it was considering exercising its statutory rule-making authority to adopt Statewide Rule 68 dealing with permissible methods of disposing of waste material created in the process of drilling oil and gas wells when the waste contains naturally-occurring radioactive materials at above-normal levels. The Adams Group, a collection of landowners in Lincoln County — an area of significant oil and gas production activity — actively opposed the adoption of the rule, contending that the proposed disposal methods did not constitute an environmentally safe practice. After a full hearing on the matter, the Board adopted Rule 68 essentially as proposed. The Board’s adoption of the Rule became final, for purposes of appeal, on January 19, 2000. The Adams Group, dissatisfied with the decision, filed an original action in the Lincoln County Chancery Court on February 18, 2000. The complaint, among other requests for relief, stated that the named plaintiffs “hereby appeal the decision of the [Oil and Gas] Board promulgating amended Rule 68.” A representative of the Board was not served with a summons in the proceeding until February 23, 2000.
¶ 4. The chancery court concluded that the applicable statute required that notice of intent to appeal must be filed with the Oil and Gas Board — not the chancery court — within thirty days of the action being appealed. Finding as fact that no such notice was given within the allotted time, the chancellor dismissed the appeal as untimely. This appeal followed.
¶ 5. The Adams Group argues that the statute regarding the method of perfecting an appeal is ambiguous on its face and that, in such circumstance, the filing of notice of intent to appeal with the chancery court was sufficient to perfect the appeal.
*9 ¶ 6. The applicable statute governing judicial review of certain actions of the Oil and Gas Board permits an appeal “to the chancery court of the county in which all or a part of appellant’s property affected by such rule ... is situated.... ” Miss. Code Ann. § 53-l-39(a) (Rev.1999). Such an appeal must “be taken and perfected as hereinafter provided, within thirty (30) days from the date that such final rule ... is filed for record in the office of the board....” Id. Subsection (b) provides, in part, that
[u]pon the filing with the board of a petition for appeal to the chancery court, it shall be the duty of the board, as promptly as possible ..., to file with the clerk of the chancery court ... a copy of the petition for appeal and of the rule ... appealed from, and the original and one (1) copy of the transcript....
Miss.Code Ann. § 53-l-39(b) (Rev.1999) (emphasis supplied).
¶ 7. The Adams Group, however, in contending that the appeal may be perfected by filing notice with the chancery court, relies on an earlier passage from subsection (a), which says that all appeals “shall be taken and perfected, heard and determined either in termtime or in vacation on the record....” Miss.Code Ann..§ 53-1-39(a) (Rev.1999). According to the Adams Group, this language plainly declares that the appeal must be “taken and perfected” before the same entity designated to hear and determine the appeal, ie., the chancery court.
¶ 8. We conclude that the language of Section 53 — 1—39(b) requiring the filing of the appeal petition with the Board is the controlling provision and that, in order to perfect an appeal of an order of the Board, that notice ought properly to be filed with the Board within thirty days of the filing of the order after adoption. Though perhaps not stated with absolute clarity, we are satisfied that the statute contemplates the commencement of the appeal process by filing notice with the- Board. Several factors beyond the language of Section 53-1-39 serve to reinforce- our decision. Included among them is the observation that, in the matter of judicial appeals from Oil and Gas Board decisions in the limited category of unitization of oil and gas fields, “[s]uch appeal may be taken by filing notice of the appeal with the state oil and gas board_” Miss.Code Ann. § 53-3-119 (Rev.1999).
¶ 9. It seems improbable that the Legislature would envision two diametrically opposed methods of appealing a Board decision depending solely on the subject matter' of the decision. Additionally, Section 53-1-39 directs the Board, in filing the necessary documents with the chancery court after an appeal has been perfected, to include “a copy of the petition for appeal.” Miss.Code Ann. § 53 — 1—39(b) (Rev.1999). If the appeal had been earlier perfected by filing the notice directly with the chancery court, the requirement to file a copy with the body already possessing the original would appear to be an empty gesture.
¶ 10. The conclusion as to the proper method of perfecting an appeal does not end our consideration, however. It merely leads us to the next step of analysis, which involves the issue of whether filing the notice within thirty days, but filing it with the wrong entity, is nevertheless sufficient to preserve the substantive issues for judicial review. We determine that it does.
¶ 11. There is not a large body of detailed rules governing procedure when the chancery (or circuit) court sits in an appellate capacity reviewing an action of a state agency. Rather than adopt a lengthy set of rules for that situation, the Mississippi Supreme Court has said that the reviewing court may, when appropriate, refer to the *10 Mississippi Rules of Appellate Procedure for guidance. Van Meter v. Alford, 774 So.2d 430(¶ 3) (Miss.2000); American Investors, Inc. v. King, 733 So.2d 830(¶4) (Miss.1999). Under the Mississippi Rules of Appellate Procedure, the proper method of perfecting an appeal to the Mississippi Supreme Court from the circuit or chancery court is to file “a notice of appeal with the clerk of the trial court within the time allowed by Rule 4.” M.R.A.P. 3(a). This procedural scheme seems consistent with the proper method for perfecting an appeal from a decision of the Oil and Gas Board since, as we have previously determined, the proper place to file the notice is with the entity from which the appeal is being taken, i.e., the Board. Nevertheless, the appellate rules specifically contemplate the situation where a party desiring an appeal files the notice in the wrong place. “If a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.” M.R.A.P. 4(a).
¶ 12. In view of the Mississippi Supreme Court’s plainly-expressed intention found in Rule 4(a) to overlook this sort of procedural error in attempting to perfect an appeal, and in further view of that court’s .directive to the circuit and chancery courts, when sitting- as appellate courts, to look to the Mississippi Rules of Appellate Procedure for direction, we hold that the fifing of the notice of intention to appeal directly with the chancery court was enough to perfect the appeal.
¶ 13. This holding is in keeping with -a previous decision of this Court in a closely-related circumstance as found in Bowling v. Bd. of Supervisors, 724 So.2d 431 (Miss.Ct.App.1998). In that case, the statute permitting an appeal from an action of a county board of supervisors required that a bill of exceptions be lodged with the board within ten days of the relevant action. Miss.Code Ann. § 11-51-75 (1972). The facts of the case showed that, instead of fifing a bill of exceptions, the aggrieved parties filed a direct action in the circuit court that, by its language, indicated that it was in the nature of an appeal of the board’s action. Id. at (¶4). This Court found that the fifing of this complaint, even though it was unaccompanied by the required bill of exceptions, was sufficient to preserve the appellant’s right of judicial review and that any remaining procedural deficiencies under the applicable statutes could properly be accomplished at a later date. Id. at (¶ 52).
, ¶ 14. Having determined that this appeal, though not perfected according to the procedures outlined in the statute, was nevertheless accomplished in a manner sufficient to preserve the Adams Group’s right of appellate review, we find it appropriate to reverse the judgment dismissing the appeal as untimely filed. We further remand the matter to the Lincoln County Chancery Court for consideration of the substantive issues properly raised in the appeal on their merits.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF LINCOLN COUNTY IS REVERSED AND THIS CAUSE IS REMANDED FOR SUCH FURTHER PROCEEDINGS AS ARE CONSISTENT WITH THE TERMS OF THIS OPINION. THE COSTS OF THE APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.