# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00957-SCT

*OLIVIA M. SLIMAN*

*v.*

*MARY THI NGUYEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2008 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MYLES ETHAN SHARP |
| ATTORNEY FOR APPELLEE: | EDMUND J. WALKER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | VACATED AND REMANDED - 11/19/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1. This appeal stems from a car accident which occurred on November 12, 1999, in Ocean Springs, Mississippi. Mary Nguyen filed a complaint in the County Court of Jackson County against Olivia Sliman in an attempt to recover compensation for injuries she had received as a result of the accident. A trial was held, and the jury found that Sliman was not liable for Nguyen's injuries. Nguyen then filed a motion for a new trial pursuant to Rule 59 of the Mississippi Rules of Civil Procedure, which was granted by the county court. Sliman appealed the grant of a new trial to the Jackson County Circuit Court, which affirmed the county court's decision. From these proceedings, Sliman appeals.

# FACTS

¶2.     On November 12, 1999, Sliman pulled out of the Taco Bell parking lot, drove between two cars in a line of southbound traffic, and turned left into the northbound lane of Vermont Avenue. At approximately the same time, Nguyen turned left off Highway 90 onto Vermont Avenue and began traveling north. A collision ensued when the front of Nguyen's car hit the front passenger side of Sliman's car. Both parties agreed that part of Nguyen's thumbnail had been ripped off during the accident. All other claims of damages were disputed at trial.

¶3.     Following a trial, the jury found Sliman not liable. Nguyen filed a Rule 59 motion for a new trial, arguing that the verdict was against the overwhelming weight of the evidence. The county court granted the motion and ordered a new trial. The county court's order did not provide any additional legal analysis or reasoning for the new trial. Sliman appealed the county court decision to the Circuit Court of Jackson County.

¶4.     The Circuit Court of Jackson County affirmed the county court's ruling, which granted a new trial to Nguyen pursuant to Rule 59. The circuit court affirmed the grant of new trial based on its assessment that the jury's verdict was against the overwhelming weight of the evidence. Sliman now appeals to this Court, alleging the county court erred in granting the motion for a new trial, and if the grant of a new trial was not error, the circuit court erred in not retaining jurisdiction over the case. As a preliminary matter, this Court must determine whether the circuit court had appellate jurisdiction to review the county court's order granting a new trial.

# ANALYSIS

¶5. Sliman argues that, should this Court determine that the county court properly granted the motion for new trial, then, the circuit court should have retained jurisdiction of the case. Citing Mississippi Code Section 11-51-79 (Rev. 2004) as authority, Sliman argues that any new trial must occur in the circuit court, because once appealed there, it belongs on the docket of the circuit court. Prior to addressing Sliman's issue on appeal, this Court must determine whether the county court's grant of a new trial was interlocutory in nature in order to determine whether the circuit court had jurisdiction in this appeal.

¶6. In *Banks v. City Finance Co.*, 825 So. 2d 642 (Miss. 2002), the Court stated that a final judgment constitutes "a judgment adjudicating the merits of the controversy which settles all the issues as to all the parties." *Banks*, 825 So. 2d at 645 (citing *Hindman v. Bridges*, 185 So. 2d 922 (Miss. 1966)). *See also Cotton v. Veterans Cab Co.*, 344 So. 2d 730, 731 (Miss. 1977) ("In sum, the judgment is final only when it settles all issues as to all parties.").

¶7. Additionally, Mississippi Rule of Civil Procedure 54(a) defines a judgment as including "a final decree and any order from which an appeal lies." The comments to Rule 54 state: "A judgment is the final determination of an action and thus has the effect of terminating the litigation." *See* M.R.C.P. 54 cmt.

¶8. A brief review of Mississippi cases establishes that a trial court's grant of a new trial is interlocutory in nature and generally not appealable, since it is not a final disposition or a final judgment of the case. Indeed, in *Allstate Insurance Co. v. McGory*, this Court stated "[u]nder the authority of a long line of cases, it is a general rule of this Court to respect and follow the holding of the trial judge with reference to his order in granting a new trial since

3

such an order is not a final disposition of the case." ***Allstate Ins. Co. v. McGory***, 697 So. 2d 1171, 1174 (Miss. 1997) (quoting ***Standard Prods., Inc. v. Patterson***, 317 So. 2d 376, 379 (Miss. 1975)). *See also* ***Franklin v. Franklin***, 864 So. 2d 970, 975 (Miss. Ct. App. 2003) (where the court determined that "[a]n order granting a motion for new trial is not a final judgment which can be appealed as of right" and "[t]he only avenue for review of a decision on a motion for new trial alone is via an interlocutory appeal" or it may be appealed "as an assignment of error following the entry of a final judgment from the new trial").

¶9.     Here, Sliman appealed the Rule 59 grant of new trial from the county court to the circuit court. Once the circuit court affirmed the county court's grant of new trial, Sliman appealed to this Court.

¶10.    Though neither party raised the issue of jurisdiction in the context of Sliman's initial appeal from the county court's grant of new trial to the circuit court, this Court is compelled to analyze the issue. This Court has determined generally that an order granting a new trial is interlocutory in nature, meaning it is not a final judgment and not yet ripe for appeal. Consequently, Sliman's initial appeal from the county court to the circuit court on a matter that was interlocutory in nature was impermissible pursuant to Mississippi caselaw. Therefore, Sliman never had authority to file her appeal with the circuit court, and she never filed a petition for an interlocutory appeal to the Supreme Court. This Court has authorized interlocutory appeals from the county court to the Supreme Court. In fact, this Court notes the implementation of Uniform Circuit and County Court Rule 4.06, which states:

> Interlocutory Appeal. An appeal from an interlocutory order in county court
> may be sought in the Supreme Court as provided in Rule 5 of the Mississippi
> Rules of Appellate Procedure.

4

Rule 4.06 was adopted effective July 1, 2008. While the Legislature has enacted Mississippi Code Section 11-51-79, which pertains to appeals from county court to circuit court, statutes do not provide authority for matters of procedure. This Court always has analyzed jurisdiction in matters pending before it via the Mississippi Constitution and the various Mississippi Rules of Court. *See* Miss. Const. art. 6. Again, the only issue raised in the appeal from county court to circuit court was whether the county court had erred by granting Nguyen's Rule 59 motion for new trial.

¶11. The circuit court had no authority under the Rules to review the initial appeal from county court to circuit court. The grant of a new trial was interlocutory in nature and not appealable to the circuit court. Therefore, the county court retains jurisdiction for a new trial. Accordingly, the circuit court's judgment is vacated, and this case is remanded to the county court.

## CONCLUSION

¶12. Because of the interlocutory nature of the order granting a new trial, it was error for the circuit court to review this case on appeal from the county court. We vacate the circuit court's judgment and remand this case to the County Court of Jackson County for a new trial.

¶13. **VACATED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR.**

5