# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-00029-SCT

*JOHN A. BROWN*

*v.*

*COLLECTIONS, INC. AS AUTHORIZED AGENT AND REPRESENTATIVE OF MEMORIAL HOSPITAL AT GULFPORT*


| | |
|---|---|
| DATE OF JUDGMENT: | 12/30/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | L. CHRISTOPHER BREARD |
| ATTORNEYS FOR APPELLEE: | WILLIAM V. WESTBROOK, III |
| | DAVID C. FRAZIER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 02/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     A collection company, acting on behalf of a hospital, sued John Brown in Harrison County Court.  The lawsuit stemmed from Brown's nonpayment for medical services.  Though Brown initially answered, claiming entitlement to a set-off, he later tried to amend his answer to add a recoupment defense aimed at whittling down his amount owed.  The county court judge denied the amendment, but she certified the judgment as final and appealable under Mississippi Rule of Civil Procedure 54(b).  This was done, as the judge put it, "so the Mississippi Supreme Court may . . . address this issue, if Mr. Brown so chooses."

But instead of seeking the intended review by the supreme court, Brown opted for a different route. He chose to file his appeal in circuit court, which affirmed the county court judgment and also entered a Rule 54(b) certification.

¶2.     After review, we find several jurisdictional snags with Brown's case. First, the county court's judgment did not decide a "claim" between two parties. Thus, the Rule 54(b) certification is invalid. Second, recoupment is a defense under Mississippi law. And rulings on defenses are not appropriate for final-judgment entries under Rule 54(b). But perhaps most important is the third jurisdictional hill—that appeals from interlocutory judgments of a county court must be filed with the supreme court, not the circuit court.

¶3.     Because we lack a final, appealable judgment and face an improper interlocutory appeal, we must dismiss for lack of jurisdiction.[1]

**Facts and Procedural History**

### I.     Background

¶4.     Memorial Hospital at Gulfport treated Brown for stroke-like symptoms on August 21 and 22, 2008. Brown incurred charges of $45,074.05 in medical expenses, which he agreed to pay. But instead of paying his medical bills, when he received his insurance check from Blue Cross/Blue Shield, he cashed it and kept the money. Brown's failure to pay Memorial prompted the hospital to assign Brown's account to Collections, Inc., a third-party collection

---

[1] Because we lack jurisdiction, we do not reach the merits of the other issues Brown raises.

2

agency.

## II. Initial Pleadings

¶5. On November 5, 2010, Collections sued Brown for his nonpayment. On March 22, 2011, Brown filed an answer asserting a set-off defense. About six months later, Brown filed an affidavit, alleging for the first time negligent and intentional misconduct by Memorial.

## III. Brown's Motion to Amend Answer to Add Recoupment Defense

¶6. On December 13, 2011, Brown filed a motion for leave to file an amended answer. His proposed amendment was to add a recoupment defense based on: (1) alleged medical malpractice of Memorial's treating doctors; and (2) a tort claim against a Memorial billing employee, who supposedly threatened to report Brown to the IRS for converting the Blue Cross check to his personal use.

## IV. County Court's Judgment

¶7. On January 7, 2013, the county court entered what it called a "partial final judgment." The *only* issue addressed was Brown's request to amend his answer to add recoupment-based defenses. The judge found these defenses were "time-barred under notice of claim provisions and substantive statutes of limitations of the MTCA and MMRTA." After denying the amendment, the county court certified its ruling as final under Rule 54(b).

¶8. The certification was attempted because the issue of the interlocutory nature of any potential appeal was apparent and openly discussed by Brown, Collections, and the county court judge. The hope was to have the supreme court review the decision, or as Brown's

lawyer pitched it, he "just want[ed] to get [his] case heard by the appellate court." The county court judge believed adding a Rule 54(b) certification would help secure appellate review and remove the uncertainty of the supreme court's acceptance of the typical discretionary interlocutory appeal. Thus, in dismissing what she believed was a time-barred defense or claim, the county court judge "certified" her ruling "for appeal purposes" under Rule 54(b). She specifically described her reason for doing this was "*so that the Mississippi Supreme Court may . . . address this issue, if [Brown] so chooses.*" (Emphasis added).[2]

## V. Circuit Court's Judgment

¶9. But rather than appealing the supposed "partial final judgement" to *this court*—as was the next intended procedural step contemplated in Brown, Collections, and the county court judge's discussion—Brown instead appealed to the *circuit court*. And the circuit court's de novo review led to the circuit judge also finding Brown's recoupment defense was both time-barred and procedurally barred, prompting the circuit judge to affirm the county court's denial of Brown's motion to amend his answer. Just as the county court did, the circuit judge also expressly found no just reason for delay and directed entry of a final judgment under Rule 54(b). On December 31, 2014, Brown appealed from the circuit court to this court.

---

[2] At the county court hearing, counsel for Collections suggested "[w]e want to try to get the *[s]upreme [c]ourt* to answer this question[.]" And the county court judge likewise insisted "[t]hat's what we want." (Emphasis added.) The notice of appeal from county court was addressed to the supreme court. So it was clearly intended this court would look at the denial of the recoupment defense.

4

**Discussion**

## I. Rule 54(b)

¶10. Collections argues both the county court's and circuit court's Rule 54(b) certifications were invalid and we lack jurisdiction. We agree and find not only do we lack jurisdiction, but so did the circuit court.

### A. The Final-Judgment Rule and its Exception Under Rule 54(b)

¶11. "Generally, only final judgments are appealable." *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006). A final, appealable judgment "adjudicates the merits of the controversy and settles all issues as to all the parties[] and requires no further action by the trial court." *In re Estate of Lewis*, 135 So. 3d 202, 205 (¶14) (Miss. Ct. App. 2014) (quoting *Maurer v. Boyd*, 111 So. 3d 690, 693 (¶11) (Miss. Ct. App. 2013)); *see also* M.R.C.P. 54 cmt. ("A judgment is the final determination of an action and thus has the effect of terminating the litigation."). When all issues in a case or claims against all parties are not resolved in a judgment, no appeal of right can be taken. *Id*. (citing *Thompson v. True Temper Sports, Inc.*, 74 So. 3d 936, 938 (¶6) (Miss. Ct. App. 2011)).

¶12. But an exception to the final-judgment rule is found in Rule 54(b). *Ne. Mental Health Mental Retardation Comm'n v. Cleveland*, 126 So. 3d 1020, 1023 (¶13) (Miss. Ct. App. 2013) (citing *Harris v. Waters*, 40 So. 3d 657, 658 (¶3) (Miss. Ct. App. 2010)). Under this rule, if "more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the

5

court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties[.]" M.R.C.P. 54(b). This can only be done if the trial judge expressly determines—(1) there is "no just reason for delay" and (2) "directs the entry of the judgment." M.R.C.P. 54(b). The reason behind Rule 54(b) is to "avoid the possible injustice of a delay in entering judgment on a *distinctly separate claim* or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Cleveland*, 126 So. 3d at 1023 (¶13) (emphasis in original).

¶13. But when contemplating certifying final judgments, trial judges must carefully consider whether the particular issue decided is eligible for certification. For an order or judgment to qualify for Rule 54(b) finality, the case *must* include: (1) either multiple claims, multiple parties, or both; and (2) either one or more but fewer than all claims must have been decided or all rights and liabilities of at least one party must have been adjudicated. *Cleveland*, 126 So. 3d at 1024 (¶14). This is why Rule 54(b) can only be invoked "in a relatively select group of cases and applied to an even more limited category of decisions." *Id*. Excluded from certification are decisions that leave "a portion of the claim pending as to all defendants." *Id.*

### B. Invalidity of Rule 54(b) Certification

#### i. *County Court's Judgment Did Not Decide a Claim*

¶14. To determine the validity of the Rule 54(b) certification, we focus on what was actually decided. And our review shows the county court's "partial final judgment" did not

6

decide a *claim* between two parties. Instead, it merely decided an *issue* concerning a defense—the finding that Brown could not add a recoupment defense to his answer. Indeed, Collections's claim for Brown's unpaid medical bills is still pending in the county court. Because the county court's decision did not adjudicate an actual *claim*, its order is not within that "limited category of decisions" in which Rule 54(b) may be applied. *Id*. Thus, the Rule 54(b) certification was invalid.

### ii. Recoupment Is a Defense

¶15. A second reason the attempted Rule 54(b) certification is invalid is because recoupment is a *defense*. Even Brown insists this is not a case about set-off or a counterclaim. Rather, he repeatedly highlights the central issue is recoupment—emphasizing it is a defense in both his briefs and argument.[3] Brown is correct in that regard. "[R]ecoupment is in the *nature of a defense* arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Bull v. U.S.*, 295 U.S. 247, 262, 55 S. Ct. 695, 79 L. Ed. 1421 (1935) (emphasis added). In the absence of a statute, "recoupment is purely a defensive claim, and cannot be used offensively in the law courts[.]" *Sterling Prods. Co. v. Watkins-Gray Lumber Co.*, 131 Miss. 145, 315 (1923).

### iii. Rule 54(b) is Not Proper for Adjudication of Defenses

¶16. The problem with the county court judge's handling of the denial of the defense is that

---

[3] Brown maintains: "Clearly this was a case of recoupment *used for defensive purposes only*[.]" (Emphasis added.)

7

rulings addressing defenses are not appropriate for certifying entries of final judgments under Rule 54(b).[4] *See* 10 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 2655 n.9 (2d ed. 2008). Federal precedent has guided this court in assessing Rule 54(b) certified judgments. *See* **Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.**, 512 So. 2d 897, 900-01 (Miss. 1987). And federal courts do not allow Rule 54(b) certifications when the only issue addressed by the judge in a multi-claim or multi-party case is a defense. Indeed, the Fourth Circuit has called this legal principle against certifying partial judgements of rulings on defenses "as well settled as anything can be." **Flynn & Emrich Co. v. Greenwood**, 242 F. 2d 737, 741 (4th Cir. 1957). While a Rule 54(b) appeal can be taken from a judgment on one of a number of claims upon proper judicial certification, "the judgment must finally dispose of a claim and *not merely adjudicate a defense* to a claim. . . . [R]ule 54(b) does not authorize appeal from a judgment with respect

---

[4] Federal Rule of Civil Procedure 54(b) is almost identical to Mississippi's Rule 54(b). The federal rules states:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

F.R.C.P. 54(b).

8

to a *mere affirmative defense*." ***Id.*** (emphasis added).

¶17.    Likewise, in the Second Circuit, where there is merely a defense adjudication to a claim and not multiple claims in the case, a Rule 54(b) appeal is improper, justifying dismissal.  ***U.S. Plywood Corp. v. Hudson Lumber Co.***, 210 F. 2d 462, 463 (2d Cir. 1954).  The Fifth Circuit has similarly held that Rule 54(b) certification is only appropriate when a claim—defined as a "cause of action"—has been adjudicated.  ***Exxon Corp. v. Oxxford Clothes, Inc.***, 109 F. 3d 1069, 1070 (5th Cir. 1997).  But it is improper for use when merely dismissing defenses.  ***Id.***[5]  The Eighth Circuit has quipped that the appealability of an order striking a defense from an answer has "consistently been rejected on the ground that it 'would seem as nearly interlocutory as any pleading ruling can ever be.'"  ***Hennepin Cty. v. Aetna Cas. and Sur. Co.***, 587 F. 2d 945, 946 (8th Cir. 1978).

¶18.    This bulk of authority makes clear there was no final, appealable judgment.  Because the county court's order dealt solely with the recoupment defense, its Rule 54(b) certification was invalid.  And since the county court's order was the subject of the circuit-court appeal, the circuit court also lacked jurisdiction to enter its judgment—a judgment that is interlocutory in its own right.

¶19.    For these reasons, we too lack jurisdiction and must dismiss Brown's appeal.

## II.    County Court's Order Was Interlocutory

---

[5] *See also* **Smith v. Benedict**, 279 F. 2d 211, 213 (7th Cir. 1960) (defining a claim as a "cause of action" for purposes of Rule 54(b) and holding a judgment on a defense only is not within Rule 54(b)).

¶20. There is yet another reason we lack jurisdiction, Brown's interlocutory appeal was noticed to and handled by the wrong court.

¶21. Because interlocutory appeals from county court can only be made to this court—not to the circuit court—the only procedure available to Brown was an interlocutory appeal to the supreme court. We do recognize Mississippi statutory law instructs "[n]o appeals . . . shall be taken from any interlocutory order of the county court." *See* Miss. Code Ann. § 11-51-79 (Rev. 2012). But our existing court-enacted rules say otherwise.

¶22. Unlike Section 11-51-79, the Uniform Rules of Circuit and County Court Practice provide a mechanism for interlocutory appeals to this court. *See* URCCC 4.06 ("[a]n appeal from an interlocutory order in county court *may* be sought in the Supreme Court *as provided in Rule 5 of the Mississippi Rules of Appellate Procedure*."[6] (Emphasis added.) So there is

---

[6] Under Mississippi Rule of Appellate Procedure 5:

(a) An appeal from an interlocutory order may be sought if a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:

(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
(2) Protect a party from substantial and irreparable injury; or
(3) Resolve an issue of general importance in the administration of justice.

Appeal from such an order may be sought by filing a petition for permission to appeal with the clerk of the Supreme Court within 21 days after the entry of such order in the trial court with proof of service on the trial judge and all other parties to the action in the trial court.

M.R.A.P. 5

obviously a conflict between the statute and the rule-based interlocutory appeal procedure. When such a conflict exists, our court's rules trump statutory law. *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993) ("statutes that conflict with rules adopted by the Court are void").

¶23. The procedures of M.R.A.P. 5 are specifically cited in URCCC 4.06. These procedures govern interlocutory appeals from county court. Under M.R.A.P. 5(a), a party desiring an interlocutory appeal may seek trial-court certification that one of the prescribed reasons for permitting the appeal exists. M.R.A.P. 5(a)(1)-(3). Once certification is given, a petition for permission to appeal then must be filed with the Supreme Court clerk within twenty-one days after entry of the interlocutory order. M.R.A.P. 5(a).

¶24. From our review, we find, even if the county court's attempted Rule 54(b) certification sufficed to express the judge's reason for allowing the appeal, Brown's failure to notice his appeal to this court within twenty-one days is not subject to waiver. M.R.A.P. 2(a)(1),[7] 2(c).[8]

¶25. The county court's interlocutory order was entered on January 3, 2013. So Brown had twenty-one days from that date to petition for permission for an interlocutory appeal. But he

---

[7] *See* M.R.A.P. 2 ("An appeal shall be dismissed if the notice of appeal was not timely filed.").

[8] *See* M.R.A.P. 2 ("[I]n civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended.").

failed to do so,[9] which is another reason we lack jurisdiction. *See Thompson*, 74 So. 3d at 939 (¶11).[10]

¶26.     Still, Brown insists his filing a notice of appeal in circuit court—though admittedly improper—should be overlooked by this court.  As support, he cites *Bowling v. Madison County Board of Supervisors*, 724 So. 2d 431, 441-42 (Miss. Ct. App. 1998) (quoting Miss. Code Ann. § 11-3-5).  But *Bowling* had nothing to do with an interlocutory appeal.  Rather, the court of appeals held an appeal to the supreme court from a board decision "shall not be dismissed for want of jurisdiction" based on a "defect in the application for appeal." *Id*. at 441 (¶47) (quoting Miss. Code Ann. § 11-3-5).  He also cites *Adams v. Mississippi State Oil and Gas Board*, 854 So. 2d 7, 9 (¶10) (Miss. Ct. App. 2003).  In *Adams*, the court of appeals held filing a notice of appeal with the wrong entity—the chancery court, not the oil and gas board—was sufficient to preserve the substantive issues for judicial review. *Id*. at 10 (¶12).

¶27.     However, neither *Bowling* nor *Adams* dealt with improper Rule 54(b) certifications. Nor did either case address interlocutory appeals, which are discretionary, require compliance with M.R.A.P. 5, and are not automatically granted.  To the contrary, we have previously held interlocutory appeals from county court to circuit court are impermissible. *Sliman v.*

_____

[9] Collections did seek an interlocutory appeal, which a three-member motions panel of this court denied.

[10] "An interlocutory order is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure." *See Thompson*, 74 So. 3d at 939 (¶11).  In *Thompson*, because the appealing party "neither sought nor was afforded permission under Rule 5 to proceed with an interlocutory appeal, [the appeal was dismissed] for lack of jurisdiction." *Id.*

12

*Nguyen*, 22 So. 3d 1173 (¶1) (Miss. 2009). When such an appeal is wrongly granted, both the circuit court and, later if appealed, this court, lack jurisdiction. *Id.* In *Sliman*, we vacated the circuit court's judgment and remanded the case to county court for a new trial. *Id*.

¶28. We find the same result applies here. What Brown should have done is seek permission from this court to file an interlocutory appeal. Because he did not, we face an appeal from an order the circuit court lacked jurisdiction to enter. For this reason, we too lack jurisdiction.

¶29. As we did in *Sliman*, we vacate the circuit court's judgment for lack of jurisdiction. We also dismiss this appeal for lack of jurisdiction and remand the case to the Harrison County Court.

¶30. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS VACATED AND THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN AND BEAM, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**