COLEMAN, JUSTICE, DISSENTING:
 

 ¶ 14. Mississippi's Constitution of 1890 gives plenary power to the Legislature to set the jurisdiction of the Mississippi Supreme Court. The Constitution likewise explicitly empowers the Legislature to set the appellate jurisdiction of circuit courts. Our rules indeed trump statutes on matters of procedure, but they cannot trump the Constitution on matters of jurisdiction. I would dismiss the appeal for lack of jurisdiction. Accordingly, and with respect, I dissent.
 

 I. Mississippi's Constitution of 1890 grants plenary power over Supreme Court jurisdiction to the Legislature.
 

 ¶ 15. Until January 3, 1984, Section 146 of the Mississippi Constitution of 1890 read, "The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals." However, Section 146 was then amended to read, in pertinent part, "The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and
 
 shall exercise no jurisdiction on matters other than those specifically provided
 
 by this Constitution or by general law." By its plain meaning, the language added in 1984 limits Supreme Court jurisdiction to matters
 
 specifically
 
 provided by the Constitution itself or general law. Pursuant to the above-described amendment, the Legislature has "plenary power" over appellate jurisdiction.
 
 Dialysis Solutions, LLC v. Miss. State Dep't of Health
 
 ,
 
 96 So.3d 713
 
 , 716-717 (¶ 8) (Miss. 2012).
 

 ¶ 16. The Constitution of 1890 also provides explicit direction regarding the power of the Legislature to set the appellate jurisdiction of circuit courts. Article 6, Section 156 provides, "The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and
 
 such appellate jurisdiction as shall be prescribed by law.
 
 " (Emphasis added.)
 

 ¶ 17. In Mississippi Code Section 11-51-79, the Mississippi Legislature prescribed appellate jurisdiction in Mississippi's circuit courts over appeals from county courts. Among other things, it prohibits interlocutory appeals from county court and prescribes that appeals from the "law side" of county courts be presented to the circuit court. Pursuant to Section 156 of the Constitution, the statute is a wholly constitutional exercise of Legislative authority to set appellate jurisdiction in the circuit courts. Pursuant to Section 11-51-79's prohibition against interlocutory appeals from county court and directive that appeals of cases sounding in law from county court be filed in the circuit court, we have no jurisdiction over the instant appeal and accordingly should dismiss it.
 

 ¶ 18.
 
 Brown v. Collections, Inc.
 
 ,
 
 188 So.3d 1171
 
 (Miss. 2016), cited by the majority for its holding that Section 11-51-79 must give way to various rules of court procedure with which it conflicts, contains no discussion of the above-described constitutional grant of authority to the Legislature to set appellate jurisdiction in both the circuit courts and the Mississippi Supreme Court. Although
 
 Brown
 
 was a unanimous decision in which I concurred, I would now overrule it. Pursuant to the separation of the powers exercised by the three branches of Mississippi's government, and as held in
 
 Newell v. State
 
 ,
 
 308 So.2d 71
 
 (Miss. 1975), the courts have sole authority to set rules of court procedure. However, the power to set appellate jurisdiction
 in the circuit court and, pursuant to Section 146 quoted above, in the Supreme Court, rests with the Legislature and, as to Supreme Court jurisdiction, specific provisions of the Constitution. No specific provision in the law or the Constitution grants jurisdiction to the Supreme Court over appeals from county courts. The
 
 Brown
 
 holding, as applied today, gives the courts the power to set their own jurisdiction over appeals with rules of procedure, which runs directly contrary to the applicable constitutional provisions.
 

 ¶ 19. Pursuant to the foregoing reasoning, I would dismiss the instant appeal for lack of jurisdiction.
 

 RANDOLPH, P.J., AND ISHEE, J., JOIN THIS OPINION.