## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2025-CP-00139-COA

**JERRY DILLON**                                                    **APPELLANT**

**v.**

**BRENDA G. DILLON HOLMES,**                                    **APPELLEES**
**INDIVIDUALLY, BETTY S. DILLON MOORE,**
**TRACY E. DILLON AND MLD, LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/2025 |
| RULING JUDGE: | HON. E. WAYNE SMITH |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JERRY DILLON (PRO SE) |
| ATTORNEYS FOR APPELLEES: | BRENDA G. DILLON HOLMES (PRO SE) |
| | BETTY S. DILLON MOORE (PRO SE) |
| | TRACY E. DILLON (PRO SE) |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | APPEAL DISMISSED - 02/24/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND McDONALD, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Jerry Dillon filed a pro se complaint in the Chancery Court of Pike County asking the court to determine ownership of certain real property under a loan agreement. The case was assigned to Chancellor Wayne Smith. Concurrently, the property was the subject of foreclosure proceedings before Chancellor Debbra Halford in the same court. Chancellor Halford also had presided over previous litigation related to the property. *See MLD Cmty. Dev.v. Dillon*, 374 So. 3d 1283 (Miss. Ct. App. 2023). In light of the related litigation, Chancellor Smith transferred the case to Chancellor Halford. Dillon appeals the transfer order. Finding that the order transferring the case to a different chancellor is not a final,

appealable judgment, we dismiss the appeal due to lack of appellate jurisdiction.

## FACTS AND PROCEEDINGS

¶2.     The history of the real property at issue was described in this Court's 2023 opinion

affirming that a loan agreement dispute should be compelled to arbitration:

> Approximately twenty-three years ago, Dillon, who lived in Illinois, acquired thirty-four acres of land in Pike County, Mississippi, from his father and mother, Monroe and Lavern Dillon. Dillon developed the land and its seven-acre lake into a lodge-style resort that he dubbed "Eagle Lodge." Dillon secured a mortgage on the property in order to finance the development of Eagle Lodge. However, in 2005, Hurricane Katrina damaged the property and wr[e]cked the tourism industry on the Mississippi Gulf Coast for years, causing Dillon's property to lose business and visitors.
>
> In late 2012, Dillon defaulted on the mortgage, and the bank began foreclosure proceedings. At this point, Dillon's siblings noticed the foreclosure proceedings in the local newspaper. In early 2013, they formed MLD Community Development LLC (dedicated to the siblings' parents Monroe and Lavern Dillon) to save the land that held a special place in their family heritage. On November 6, 2013, Dillon signed a warranty deed conveying the property to MLD, which in turn refinanced and began to pay off the mortgage, preventing foreclosure.
>
> Over three years later, on December 15, 2017, Brenda Holmes (representing MLD) entered into the "Eagle Lodge Loan Assumption Agreement" with Dillon for the "sole purpose of retiring loan # 4994646 held at First Bank, MS located in McComb, Mississippi in exchange for the ownership of the 34 aces and lodge located at 1086 J.J. Carters Road, Magnolia, Mississippi 39652."

*MLD Cmty. Dev. LLC*, 374 So. 3d at 1285-86 (¶¶2-4).

¶3.     The property was subsequently foreclosed due to default on the loan agreement. The

foreclosure proceedings took place before Chancellor Halford in Pike County Chancery

Court cause number 23-0069. Dillon's instant complaint, initially brought before Chancellor

Smith in Pike County Chancery Court cause number 24-0516, states that "Dillon bring[s]

2

forth this complaint as an extension of a prior case 23vs-0069DKH" and claims that he made payments to Holmes that should have been applied according to the loan agreement but were not, resulting in the foreclosure. When Holmes did not respond to the complaint, Dillon filed a motion for a default judgment. Following a hearing on the motion, Chancellor Smith transferred the instant action (No. 24-0516) to Chancellor Halford.

¶4. The transfer order states in relevant part:

> The Court finds that this litigation basically involves the same individuals and potentially the same facts, which are subject of two lawsuits filed in Pike County, Mississippi, being Cause No. 21-0374 and Cause No. 23-0069.
>
> . . . .
>
> The above two (2) mentioned cases were heard by the Honorable Judge Debbra Halford.
>
> . . . .
>
> Due to the issues involved in this case and the potential that these issues have previously been litigated, the Court does hereby transfer this cause of action to Judge Debbra K. Halford.

¶5. Dillon then filed a notice of appeal.

## DISCUSSION

¶6. On appeal, Dillon argues pro se that Chancellor Smith abused his discretion in transferring the case to Chancellor Halford. The Appellees did not file a brief.

¶7. Appellate courts address the question of whether we have jurisdiction over an appeal on our own initiative "[r]egardless of whether the parties raise jurisdiction." *Boyd v. Jones County*, 414 So. 3d 1286, 1288 (¶8) (Miss. Ct. App. 2025) (quoting *Smith v. Parkerson Lumber Inc.*, 890 So. 2d 832, 834 (¶12) (Miss. 2003)). "An appeal may be taken only from

a final judgment." *Blaney v. Black Jack Oil Co. Inc.*, 325 So. 3d 1204, 1206 (¶8) (Miss. Ct. App. 2021) (citing *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013)); *see also* Miss. Code Ann. § 11-51-3 (Rev. 2019) ("An appeal may be taken . . . from any final judgment of a circuit or chancery court in a civil case"). "A final judgment is one that 'adjudicates the merits of the controversy and settles all issues as to all the parties[] and requires no further action by the trial court.'" *McRae v. Mitchell*, 337 So. 3d 1057, 1060 (¶7) (Miss. 2022) (quoting *Brown v. Collections Inc.*, 188 So. 3d 1171, 1174 (¶11) (Miss. 2016)).

¶8.     Here, Chancellor Smith's order transferring the case to Chancellor Halford was not a final judgment. "The order did not adjudicate any of the pending claims or adjudicate the rights and liabilities of . . . all of the parties." *Id*. Nor did the order contain any language indicating that it was intended to operate as a final judgment under Mississippi Rule of Civil Procedure 54(b). *See M.W.F. v. D.D.F.*, 926 So. 2d 897, 900 (¶4) (Miss. 2006). Instead, the transfer order was interlocutory. *See Alexander v. Espinoza*, 392 So. 3d 435, 441-42 (¶24) (Miss. Ct. App. 2024) ("If a trial court's order does not dispose of all the claims against all the parties and was not certified as a final judgment under Rule 54(b), the order is interlocutory and not final."); *Creel v. Bridgestone/Firestone N. Am. Tire LLC*, 950 So. 2d 1024, 1027 (¶9) (Miss. 2007) (concluding an order transferring venue is interlocutory and merges with the final judgment for appellate consideration).

¶9.     A party may petition the Mississippi Supreme Court for permission to appeal an interlocutory order under Mississippi Rule of Appellate Procedure 5, which provides in relevant part:

An appeal from an interlocutory order may be sought if a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:

(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or

(2) Protect a party from substantial and irreparable injury; or

(3) Resolve an issue of general importance in the administration of justice.

M.R.A.P. 5(a).

¶10. However, Dillon did not proceed under Rule 5 but, instead, filed a notice of a direct appeal. The transfer order does not purport to dispose of any of Dillon's claims on the merits and is interlocutory in nature. We therefore lack appellate jurisdiction and must dismiss the appeal.

## CONCLUSION

¶11. This Court only has jurisdiction over appeals taken from final judgments. The order transferring the case to a different chancellor was interlocutory in nature. We therefore dismiss Dillon's appeal for lack of appellate jurisdiction.

¶12. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**